**Faye Lou Fritz JOHNSON et vir, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 11857.**

Court of Civil Appeals of Texas, Austin.

Nov. 24, 1971.

Rehearing Denied Dec. 22, 1971.

Hawthorne Phillips, King & Norris, Robert W. Norris, Austin, for appellants.

Crawford C. Martin, Atty. Gen., Nola White, First Executive Asst. Atty. Gen., Alfred L. Walker, Executive Asst. Atty. Gen., Watson C. Arnold, Woodrow Curtis, C. W. Pearcy, and William R. Travis, Asst. Attys. Gen., Austin, for appellee.

SHANNON, Justice.

This appeal involves a condemnation case tried to a jury in Travis County concerning property in Austin to be used in the expansion of Interstate Highway 35. Appellee's offer and the Special Commissioner's award were $81,695.00, while the jury's verdict and the judgment were $85,000.00.

Appellants' property consisted of four lots on the east side of Interstate 35 south of the intersection of 19th Street and Interstate 35. The date of taking was December 30, 1968. In January, 1968 appellants agreed to lease to Sterling Electronics Company a building with a parking area to be built by appellants on this property. The lease provided for rentals of the land, building, and parking lot with the term of the lease beginning upon the completion of the improvements. The lease also provided that in the event of condemnation proceedings, any funds derived from those proceedings would belong to appellants. At the date of taking there was a partially finished foundation of the build-

ing on the property and, of course, appellants had not received any rent.

The general area of the property had been under the threat of condemnation for some years. Before any construction on the property started pursuant to the lease agreement, the Texas Highway Department held a public hearing to air its expansion plan of Interstate 35. At that hearing the property was one shown to be acquired. Subsequent to that hearing, appellants contracted for the construction of the improvements. After that construction was begun, the Highway Department requested appellants to stop work which was done.

■ Appellants' points complain of the court's exclusion of certain evidence. The first point is that the court erred in not allowing evidence of market value "based upon the income approach." Specifically, appellants complain of the court's exclusion of their lease agreement with Sterling, and exclusion of their appraisal witness' offer to testify about a sale and a lease of a property which had a completed building occupied by a restaurant operation. Appellants claim that this evidence was admissible to show market value based on the "income approach." Appellants state, correctly, that the income or capitalization of income approach is one method of determining market value. Appellants cite cases[1] for the proposition that the jury should have been allowed to take into consideration the income which a lease would have produced in determining market value. An examination of those cases, which involve condemnation proceeding, shows that those properties were occupied by completed buildings with histories of occupancy or rental payments. Appellants argue further that the work on the foundation coupled with the lease constituted a present rather than a future use by them and that, as

such, the lease was admissible to show market value.

■ The market value of property condemned is determined as of the date of taking. S. A. & A. P. Ry. Co. v. Ruby, 80 Tex. 172, 15 S.W. 1040 (1891). The fact is that at the date of taking, appellants' building was not complete and the rentals had not started, and at that date any income from the property was but prospective. The court properly excluded the lease, as it is the value of the property at the date of taking which is controlling rather than its possible future value, i. e., when the building is completed and rentals commence. See American Guaranty Life, Health & A. Insur. Co. v. State, 332 S.W. 2d 135 (Tex.Civ.App.1960, no writ), Dicker v. United States, 122 U.S.App.D.C. 158, 352 F.2d 455 (1965), Nichols on Eminent Domain, 3rd Ed., Vol. 4, § 12.3121 [3], 29A C.J.S. Eminent Domain § 160, p. 691.

■ For the same reason the trial court correctly excluded testimony of appellants' appraisal witness, William O. Doctorman, who offered to testify concerning the rental income on the Pike Restaurant property. This property had a completed building occupied by the restaurant operation at the time of its sale.

It should be noted that appellants were permitted to show the actual cost of the partially completed foundation on the property.

■ Appellants' next point charges generally that the trial court erred "in not allowing appellant to present evidence of contractual and actual use of the property in question thereby denying appellants the right to fully present evidence to the jury reflecting the highest and best use of the property in question." The generality of the point and of the supporting assign-

1. City of Dallas v. Shackelford, 200 S.W. 2d 869 (Tex.Civ.App.1946, writ ref'd, n. r. e.), Reeves v. City of Dallas, 195 S.W.2d 575 (Tex.Civ.App.1946, writ ref'd, n. r. e.); State v. Haire, 334 S.W. 2d 488 (Tex.Civ.App.1960, writ ref'd, n. r. e.); Foley Bros. Dry Goods Co. v. Settegast, 133 S.W.2d 228 (Tex.Civ.App. 1939, writ ref'd).

**330**

ments of error in the amended motion for new trial make it difficult to decide what specific action of the trial court the appellants are complaining of. Assuming the error complained of was the exclusion of the lease, a review of the record shows that appellants were not fettered in showing the highest and best use of their property. Appellants' witness, Richard Szukalla, the building contractor, described the type building being constructed on the property as "a typical retail store." Doctorman, the appraisal witness of appellants, testified that the property was "a splendid business location" and that the highest and best use of the property was for a retail location. George Webb, appellants' other appraisal witness, said that the property's highest and best use was for a retail type operation or medical complex or commercial use. Appellee's appraisal witness, Jim Frederick, described the highest and best use of appellants' property to be for some type of retail service use or retail-wholesale type use. Since the highest and best use of appellants' property was not in dispute, the lease would have been merely cumulative on that issue, and its exclusion, if error, was not harmful.

██ Appellants' next point claims that the court erred in excluding from evidence three sales of three tracts of land upon which a motel was located. Appellee objected to these sales for the reason that they were of improved property and not comparable to appellants' property. The excluded sales involved property with improvements thereon and those improvements were dissimilar to those on appellants' land at the date of taking. The question of the degree of similarity between the condemned property and the property involved in a claimed comparable sale is left largely to the discretion of the trial court, McCormick and Ray, Texas Law of Evidence, Vol. I, § 1524, p. 372, 85 A.L.R.2d 110, 126, and we hold that there was no abuse of that discretion in the exclusion of these sales.

Appellants' final point is general and is, in effect, that the cumulative effect of all of the errors of the trial court in excluding their offers of evidence denied appellants a fair trial. This point is overruled in view of our holding that the court correctly excluded the evidence.

The judgment is affirmed.

Affirmed.