**STATE of Texas, Appellant,**

v.

**Jack D. CURTIS et ux., Appellees.**

**No. 15034.**

Court of Civil Appeals of Texas, San Antonio.

Dec. 8, 1971.

---

Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Alfred L. Walker, Executive Asst. Atty. Gen., Watson C. Arnold, C. W. Pearcy, Asst. Attys. Gen., Austin, Alfred L. Shepperd, Asst. Atty. Gen., San Antonio, for appellant.

Tom N. Goodwin, Laredo, for appellees.

BARROW, Chief Justice.

This is a condemnation case brought by the State to acquire 21.104 acres together with a drainage easement of 1.199 acres out of a 77-acre tract for use in construction of an interstate highway. Judgment

was entered on the jury verdict [1] whereby appellee-landowners recovered the total sum of $41,018.60 less the sum of $32,622.00 which had been awarded by the Special Commissioners and deposited by State.

State asserts twenty-three assignments of error. Thirteen points complain of the introduction into evidence of a plat of a proposed subdivision of the 77-acre tract and the consideration by landowners' value witnesses of said property as subdivided land. Eight points assert there is no evidence or insufficient evidence to support the findings of the jury and that the damages based thereon are excessive. The remaining two points relate to procedural errors in the trial.

The 77-acre tract is roughly rectangular in shape except for its southern boundary which follows the meanderings of the Nueces River. The property adjoins the southwestern city limits of Cotulla. State condemned 21.104 acres, being a 400-foot wide strip along the western side of the tract, which will leave a strip to the west of approximately 3.635 acres and 51.062 acres in the east remainder. The easement is west of the right-of-way and will be kept clean to facilitate drainage. The tract was purchased by landowners in July, 1964, for a cash consideration of $11,550.00, being $150.00 an acre. Landowners subsequently constructed a residence in the northeast part of said tract at a cost of approximately $30,000.00 They also had the tract rootplowed and erected a new boundary fence at a total cost of $3,000.00 to $4,000.00. Sometime in 1965, landowners employed Wendell E. Click, a registered public surveyor, who platted all the 77 acres into blocks and lots with the exception of landowners' residence site. This plat was presented to the Cotulla City

---

1. The jury found: (1) The market value of the 21.104 acres taken was $33,766.40.

(2) The market value of the 1.199 acres in the easement immediately prior to the taking was $1,918.40.

(3) The market value of the 1.199 acres in the easement immediately after the taking was $0.00.

(4) The market value of the 54.697-acre tract remainder was $87,515.20.

(5) The market value of the remainder after was $82,181.40.

Council, and this body suggested that the plat be first filed with the County. It was presented to the LaSalle County Commissioners Court on September 13, 1965, and that body authorized the filing of said plat in the deed records. This was done on October 21, 1965. The plat was never represented to the City Council.

The stipulated date of taking was November 13, 1968. It is undisputed that the subdivision was never platted on the ground, no streets were laid out, no utilities were made available, and not a single lot has ever been sold from said proposed subdivision. The plat was first offered for the limited purpose of showing the adaptability of the tract for a subdivision; however, it was later offered by landowners for all purposes. Furthermore, it is seen that the valuations placed on the land by landowners' three value witnesses are substantially based on the anticipated revenues from the sale of the lots in the subdivision. The only comparable sale used by any of landowners' three value witnesses was the sale of four lots. Curtis' valuation is based on the number of building sites available in the subdivision. Haynes testified he appraised it "so much a lot." Martin testified the tract was worth $2,000.00 per acre for housing, and that he had compared these lots with other raw lots which were not as good.

The applicable rule was stated by us in Lower Nueces River Water Supply District v. Collins, 357 S.W.2d 449, 452 (Tex. Civ.App., 1962, writ ref'd n. r. e.), as follows: "It has been repeatedly and consistently held, that where the property condemned is raw acreage it is not proper to admit in evidence hypothetical plats of non-existent subdivisions, the reason being that they tend to cause the jury to value the land as lots. The jury is to value the tract of land, and that only. They are not to determine how it could best be divided into building lots, ·nor to conjecture how such lots could best be sold, nor for what price. Opinion testimony as to the value must be based upon the value of the land

as an entirety and not in parcels, unless there is some reason to value it in parcels, such as differences in the nature of the land." See also: State v. Willey, 360 S. W.2d 524 (Tex.1962); City of Austin v. Cannizzo, 267 S.W.2d 808 (Tex.1954); Niemann v. State, 471 S.W.2d 124 (Tex. Civ.App.—San Antonio 1971, no writ); Melton v. State, 395 S.W.2d 426 (Tex.Civ. App.—Tyler 1965, writ ref'd n. r. e.).

Here there was no question that the tract was susceptible to being subdivided. In fact, a draftsman who had never seen the property drew a proposed subdivision of the east remainder and came up with more lots than in the recorded subdivision plat. There was an issue raised as to whether the highest and best use of the property was for future subdivision use because about half of the land taken was subject to flooding from the Nueces River, and further, there was a question of the need for a new subdivision in Cotulla. Nevertheless, the record clearly demonstrates that the plat of the proposed subdivision introduced into evidence by landowners, was nothing more than a paper subdivision. The fact that the land was rootplowed and personal improvements constructed by landowners did not change the land from "raw acreage" insofar as the proposed subdivision was concerned. No attempt was made prior to the taking to lay out on the ground any part of said proposed subdivision. In fact, nothing was done other than platting of the subdivision on paper and filing such plat. In this situation, the trial court erred in introducing the plat of the proposed subdivision into evidence. Furthermore, landowners' value witnesses improperly considered the value of said tract, both the part taken, as well as the remainders, based upon the price that landowners could realize by selling the land lot by lot.

Moreover, the error in admitting of such plat into evidence and valuing the land as subdivision property amounted to such a denial of the rights of State as was reasonably calculated to cause and probably

did cause the rendition of an improper judgment and to require a new trial. Rule 434, Texas Rules of Civil Procedure. This is best seen in that landowners' valuation witnesses testified that the value of the land before the taking was: Curtis, $1,772.00 per acre; Haynes, $1,700.00 per acre; and Martin, $2,000.00 per acre. On the other hand, State's two appraisers, in valuing the land as suburban residential property, found the value: Wright, $350.00 per acre; and Gaston, $230.00 per acre. The jury's award amounted to $1,600.00 per acre.

Since all of State's points with the exception of the two procedural errors, which are not likely to be presented again on a retrial, relate to the improper admission of the plat of the proposed subdivision and the valuation of the land based upon sale of lots in said subdivision, we do not consider it necessary to consider the other points asserted by State.

The judgment of the trial court is reversed, and the cause remanded for a new trial.

