R. P. HOLT d/b/a Holt Underground Construction Company, Appellant,

v.

COMMUNITY DEVELOPMENT & CONSTRUCTION CORPORATION, Mitchell Development Corporation of the Southwest, Appellees.

No. 8143.

Court of Civil Appeals of Texas, Beaumont.

Dec. 14, 1978.

Rehearing Denied Jan. 11, 1979.

W. Steven Winter, Houston, for appellant.

Ernest A. Coker, Jr., Conroe, for appellees.

CLAYTON, Justice.

Plaintiff and defendant entered into a written contract under which plaintiff was hired as subcontractor to install a foundation for the Sales and Information Center located at The Woodlands, Texas. Plaintiff brought this action against defendant, the

general contractor, to recover the balance due for "retainage" under the written contract and for extra work performed on behalf of defendant. Defendant answered by claiming off-sets against the plaintiff in an amount in excess of plaintiff's claim. The trial was to the court, and a take nothing judgment was entered against plaintiff, from which judgment plaintiff appeals.

The trial court filed findings of fact and conclusions of law to the effect that (1) the amount of $7,416.05 as retainage under the contract was due and owing to plaintiff, (2) plaintiff was entitled to $2,217.69 for extra work performed, (3) defendant was required to expend $13,668.02 to correct defects in workmanship in work performed by plaintiff, and (4) the sum expended by defendant to correct defects in workmanship exceeds the amount for the retainage and extra work performed by plaintiff, and therefore (5) plaintiff shall take nothing against defendant.

Plaintiff-appellant complains of the admission into evidence of certain exhibits which defendant introduced proving up the off-set relied upon by defendant. All three exhibits were summaries of the records kept by defendant. The defendant relied solely upon these summaries to prove up the amount it contended was due defendant because of the curative work performed as a result of the defect in workmanship of the work performed by plaintiff. The summaries were prepared from the records, but none of the individual records were introduced.

■ There are well-established principles applicable to summaries of voluminous records. Since a summary is no more admissible than the underlying records, the admissibility of the underlying records must be established. *Dallas Railway & Terminal Co. v. Guthrie*, 146 Tex. 585, 210 S.W.2d 550 (1948). If the proper predicate has been laid for the admission of such records as business records in accordance with *Tex. Rev.Civ.Stat.Ann. art. 3737e* (Vernon Supp. 1978), there are other requirements to be met before summaries are admissible.

It has been specifically held by our Supreme Court in *Black Lake Pipe Line Co. v. Union Construction Co.*, 538 S.W.2d 80, 92–93 (Tex.1976), that before summaries of such records can be introduced into evidence, "[W]e have required, as a condition, that the underlying records be brought into court or at least be made available to the opposing party in order that the correctness of the evidence may be tested by inspection or that the material for cross-examination may be available," citing *Lewis v. Southmore Savings Association*, 480 S.W.2d 180 (Tex.1972); *Dallas Railway & Terminal Co. v. Guthrie*, supra. *Accord, Star Corporation v. General Screw Products Co.*, 501 S.W.2d 374 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.).

■ The record before us does not show that any of the underlying records were produced in court or otherwise made available to plaintiff. Therefore, under the authorities cited above, the three exhibits in the form of summaries of records were not admissible, and the trial court should not have considered them for any purpose. These exhibits are the only evidentiary records used to prove up the amount of money claimed by defendant as off-sets. The only other evidence with reference to this subject came from a witness who gave his testimony by reading and referring to such exhibits. The exhibits from which he read were inadmissible, and the testimony in the form of reading from the exhibits before they were introduced was also inadmissible.

■ The error pointed out above requires a reversal, and we, therefore, do not consider the other points presented and urged by appellant.

There being error by the trial court in admitting the exhibits into evidence, the judgment of the trial court is reversed and the cause be remanded.

REVERSED and REMANDED.