**CARR WELL SERVICE, INC., Appellant,**

**v.**

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

**No. 6824.**

Court of Civil Appeals of Texas, El Paso.

Sept. 5, 1979.

Law Offices of Bill Alexander, P. C., Bill Alexander, John L. Barnhill, Jr., Odessa, for appellant.

Milburn, Warner & Bridges, P. C., Eben D. Warner, III, Odessa, Rassman, Gunter & Boldrick, John E. Gunter, Midland, for appellee.

OPINION

PRESLAR, Chief Justice.

This is a suit on a sworn account for unpaid premiums on insurance policies issued to the Appellant by the Appellee. Based on a jury verdict, judgment was entered for the Appellee in the amount of $22,337.50. We reverse and remand.

The account sued on was for premiums of policies of workmen's compensation, general liability, and car and fire insurance; the bulk of the account was for workmen's compensation policies which included a retroactive adjustment based on actual losses. By the single issue submitted to it, the jury found that the unpaid balance was in the amount of $22,337.50; that also is the amount shown as the balance due on Appellee's Exhibit 7. Exhibit 7 is a statement of account which was prepared on July 3, 1975, at the request of the credit manager for the southwest division of the Appellee. It breaks down the amounts due on the sepa-

rate policies, all of which were issued in 1972 and 1973. Appellant's first point of error is that the trial Court erred in admitting Appellee's Exhibit 7 for the reason that a proper predicate for admission was not proved under Art. 3737e, Tex.Rev.Civ. Stat.Ann. (Supp.1978–79). That Article, as applicable here, provides that a memorandum or record of an act shall be competent evidence of the occurrence of the act or event or the existence of the condition if the judge finds that:

(a) It was made in the regular course of business;

(b) It was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record;

(c) It was made at or near the time of the act, event or condition or reasonably soon thereafter.

The credit manager testified that Exhibit 7 was prepared in the normal course of business and came under his control and supervision; but, the evidence is that it was prepared in 1975 as to conditions or events which occurred in 1972 and 1973. Thus, the requirement of Article 3737e was not met because the memorandum was not prepared at or near the time of the acts, event or condition. Exhibit 7 should not have been admitted over Appellant's objections that it was hearsay and not in compliance with Article 3737e to take it out of the hearsay rule. Without Exhibit 7, there is no proof in the record of the amount owed by the Appellant. There is testimony about the amount owed, but this testimony is given from Exhibit 7 and therefore is also hearsay. *Holt v. Community Development & Construction Corporation*, 575 S.W.2d 395 (Tex.Civ.App.—Beaumont 1978, writ ref'd n. r. e.).

Appellee contends that this Exhibit should have been allowed as a summary of lengthy records which was within the Court's discretion to allow, citing *Cooper Petroleum Company v. LaGloria Oil and Gas Company*, 436 S.W.2d 889 (Tex.1969).

This case recognizes the rule that where the underlying records are so voluminous that it would be impracticable to require the production of the entire mass to be perused by the jury or read aloud to them, courts have relaxed the best evidence rule by allowing summaries. As noted by the Supreme Court in *Black Lake Pipe Line Company v. Union Construction Company, Inc.*, 538 S.W.2d 80 (Tex.1976), there are well established principles applicable to all summaries of voluminous records, the Court saying:

> Since a summary is no more admissible than the underlying records, the admissibility of the underlying records must be established. *Dallas Railway & Terminal Co. v. Guthrie*, 146 Tex. 585, 210 S.W.2d 550 (1948). In order to overcome the hearsay objection to the admissibility of the underlying records, a proper predicate must be laid for the admission of such records as business records in accordance with Article 3737e, Texas Revised Civil Statutes Annotated. *Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87 (Tex. 1973).

In the case before us, there is no showing that the records from which the summary was made would be admissible under that Article, and the mere fact that the Exhibit is a summary does not make it admissible.

We sustain Appellant's Point of Error 1. All other points of error are overruled. The judgment of the trial Court is reversed and the cause remanded for a new trial.