Elfred PFEFFER, Individually and d/b/a
Pfeffer Brothers Masonry and Pfeffer
Brother Masonry Const., Appellant,

v.

SOUTHERN TEXAS LABORERS' PEN-
SION TRUST FUND, et al., Appellees.

No. 01–84–0257–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 27, 1984.
Rehearing Denied Nov. 1, 1984.

Karl C. Hoppess Law Office of Karl C. Hoppess, P.C., James A. Gieseke Law Offices of Karl C. Hoppess, P.C., Houston, for appellant.

Stephen E. Price, Freedman & Hull, D.M. Freedman, Freedman & Hull, Houston, for appellees.

Before BASS, DOYLE and BULLOCK, JJ.

## OPINION

BASS, Justice.

The appellant, Elfred A. Pfeffer, appeals from an adverse judgment rendered for damages arising from the breach of a collective bargaining agreement.

On appeal the appellant alleges that the evidence offered was: (1) inadmissible hearsay; (2) insufficient evidence to prove that money was owed; (3) insufficient evidence to prove that the rate of contribution was more than ten cents per hour; and (4) the trial court erred in holding the contract covered all employees who were laborers.

We affirm.

Elfred A. Pfeffer, from 1960 to 1979, operated a masonry contracting business as a partnership with his two brothers. In 1979 the partnership was incorporated as Pfeffer Brothers Incorporated. On the 16th of December 1969, while the business was still being operated as a partnership, the brothers entered into a written collective bargaining agreement with the Laborers' International Union of North America, Local Union No. 18. As a result of this agreement and subsequent amendments, the partnership contributed to the three trust funds which are the appellees. The agreement, entered as plaintiff's exhibit No. 7, states "[t]he Company recognizes the Union as the exclusive collective bargaining representatives for all employees working as laborers on the Company's construction jobs in the Bryan, Texas, area which is to include only Brazos County." Thereafter, the partnership recognized the Construction Employers Association of Texas, and the Houston Chapter Associated General Contractors Association of America, Inc. as their representatives in all bargaining agreements with the Union. The representatives of the partnership entered into an agreement with the Union whereby they agreed to contribute to the Health and Welfare Trust Fund the sum of twenty-eight cents for each hour worked by laborers, and would contribute forty cents per hour to the Pension Fund and two cents per hour to the Training Fund. Elfred A. Pfeffer agreed to the above pro-

visions on the 1st of December, 1976. However, the appellees contend that the full contributions were not paid in accordance with the agreements. In 1978 the Trust Funds contacted the partnership requesting a payroll audit of the company, and in 1979 third party administrators for the Trust Fund performed the audit for the years 1977 and 1978. The audit revealed that the partnership had not paid all that was due to the Trust Funds.

In point of error one, appellant alleges that the evidence offered to prove the amount due was inadmissible hearsay. Moreover, the appellant contends that the audits, exhibits four and five, did not fall within the business records exception to the hearsay rule as promulgated in Rule 803(6) of the new Texas Rules of Evidence. The elements of 803(6) are basically the same as its predecessor, article 3737e of the Texas Revised Statutes. *See, e.g.,* Welborn, *Article VIII: Hearsay,* 20 Hous.L. Rev. 477, 519–521 (1983); *see also* 1A R. Ray, *Texas Practice, Law of Evidence* sec. 1251 (3d ed. Supp.1984); Addison, *Practical Guide to the Texas Rules of Evidence,* 46 Tex.B.J. 1024, 1030 (1983).

As support for the argument that exhibits four and five should be inadmissible, the appellant contends: first, the proper predicate was not established for the audits; and second, the proper predicate was not established for the records underlying the audits. In determining if the proper predicate was laid for the audits the testimony must establish:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was a regular practice of that business activity to make a memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, ...

Texas Rules of Evidence 803(6).

■■■ To support his first point, the appellant states that appellees did not prove the audits were made in the regular course of business. This objection was not made at trial; appellant limited his objections to a lack of personal knowledge and to the fact that the audits were not made at or near the time the labor was actually performed. Appellant may not on appeal enlarge a ground of error to include an objection not asserted at trial. *Roylex, Inc. v. Avco Community Developers, Inc.,* 559 S.W.2d 833, 837 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ); *see also Kaufman Northwest, Inc. v. Bi-Stone Fuel Co.,* 529 S.W.2d 281, 285 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.). Consequently, the right to complain that the audits were not made in the regular course of business is waived.

■■■ The appellant also argues that the auditor must have personal knowledge of the hours actually worked by the laborers. Rule 803(6) does not require that the person making the audit have personal knowledge of these facts. *Cf. Villiers v. Republic Financial Services, Inc.,* 602 S.W.2d 566, 572 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.) (referring to article 3737e). A plain reading of the rule demonstrates the appellees must show that the records the auditor received were provided by a party with personal knowledge of the information in those records. Appellees proved during trial that the auditor received records containing the number of hours each laborer worked from the appellant. It is inappropriate now for appellant to complain that he is not a party with personal knowledge of the information in those records. Furthermore, appellant complains on appeal that appellees had the additional burden of establishing the business records predicate for these records from which the audits were made. This contention by the appellant is correct. However, this objection to the records, regarding the number of hours each laborer worked, was not made at trial. Therefore, in accordance with *Roylex, Inc.,* 529 S.W.2d at 285, appellant has failed to preserve error.

Appellant's reliance on *Hanson Southwest Corp. v. DalMac Const. Co.*, 554 S.W.2d 712, 722 & 725 (Tex.Civ.App.—Dallas 1977, writ ref'd. n.r.e.) is misplaced. In *Hanson* the records were summaries and were inadmissible because the person who prepared them based the summaries upon information supplied by a third party rather than an employee of the business.

█ Appellant finally claims the audits were not made at or near the time the labor was actually performed. Appellant cites *Finn v. Finn*, 658 S.W.2d 735, 743–45 (Tex. App.—Dallas 1983, no writ) and *Carr Well Service, Inc. v. Liberty Mutual Insurance Co.*, 587 S.W.2d 62, 63–64 (Tex.Civ.App.—El Paso 1979, no writ) as authority for this contention. However, both cases are distinguishable. The records in both cases were a summary of various business transactions. In the case before us, we are concerned with an audit performed and prepared in the early part of 1979. The witness, Sally Carrico, an auditor for the third party performing such audits stated that it was completed at or about the time performed. Appellant's contention that the audits should have been performed at the time the masonry labor was performed is somewhat impractical. In laying a predicate for the admission of audit records under Rule 803(6), the audit report must be made at or near the time of the examination, and not when the underlying work shown in the audited records was performed.

Appellees met the predicate required to enter the audits as plaintiff's exhibits four and five. These exhibits represent evidence of probative force to support the judgment. *Frazier v. Williams*, 359 S.W.2d 213, 214 (Tex.Civ.App.—Eastland 1962, no writ).

Appellant's first point of error is overruled.

In point of error two, the appellant alleges that the trial court erred in finding that the appellant owed any money to appellees because there was insufficient evidence to support such a finding. The appellant did not discuss this point or set out the authorities to support it. Rule 418 of the Texas Rules of Civil Procedure requires the argument to include a discussion of the authorities relied upon. However, even if this court addressed this point, in light of *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951), the trial court's findings were not against the great weight and preponderance of the evidence. The appellees at trial presented exhibits four and five which showed the amount of money appellant owed appellees and there was no evidence in rebuttal.

Appellant's second point of error is overruled.

█ It is appellant's contention, in points of error three and four, that the appellees failed to present any evidence, or that the evidence was insufficient to prove the appellants contracted to pay contributions at any rate higher than ten cents per hour worked. In reviewing the "no evidence" point the court need only consider the evidence which supports the findings and must disregard all contrary or conflicting evidence. *McClure v. Allied Stores of Texas*, 608 S.W.2d 901, 904 (Tex.1980); *Butler v. Hanson*, 455 S.W.2d 942, 944 (Tex.1970); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). However, in deciding a factual "insufficiency" point the court is required to review all the evidence, including any evidence contrary to the finding of the court and decide whether the judgment was so against the great weight and preponderance of the evidence as to be manifestly unjust. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

█ Plaintiff's exhibits six, seven, eight, nine and ten demonstrate that the appellant entered into a collective bargaining agreement with the Union and agreed to contribute money to the various trust funds. Exhibit nine, an agreement between "Union" and "Contractors", clearly states the contribution to be twenty-eight cents per hour to the Health and Welfare Trust Fund, forty cents per hour to the Pension Fund and two cents per hour to the Training Fund. Appellant contends he was not party to that agreement; however, exhibit ten

is a document signed by him in which he agreed to the contract negotiated between the Contractors and the Unions. Appellant's points of error three and four are overruled.

In point of error five, the appellant alleges that the court incorrectly interpreted the contract as covering all employees who were laborers, contending that the court should have found that the contract covered only union employees. A reading of the collective bargaining agreement showed the appellant agreed to contribute money "for each hour worked *by laborers employed* by such individual contractor under this Agreement" into the various trust funds. Articles II and III of the agreement stated this agreement will apply to any work in the geographical jurisdiction of the local unions, and does not limit the agreement to union members. It is a general rule of contract law that an unambiguous writing will be deemed to express the intention of the parties, and that the objective, not subjective, intent will control. *Ohio Oil Co. v. Smith*, 365 S.W.2d 621, 627 (Tex.1963). The trial court properly held the clear and unambiguous language of the contract required the appellant to contribute for both union members and nonunion members.

Appellant's fifth point of error is overruled.

We affirm the trial court's judgment.