Neill S. McLEOD, II, Appellant,

v.

Mildred Theresa McLEOD, Appellee.

No. 05–86–00201–CV.

Court of Appeals of Texas, Dallas.

Jan. 5, 1987.

Tom Wilson, Dallas, for appellant.

Diana L. Snyder, Dallas, for appellee.

Before GUITTARD, C.J., and McCLUNG and JAMES [1], JJ.

McCLUNG, Justice.

This is an appeal from a modification of a prior child support and custody order in which the father was required to make additional monthly payments to discharge an ostensible "arrearage" in payments under the prior order. The record before us reveals neither pleadings nor evidence to support the court's implied finding that the father defaulted in any obligation imposed by the prior order. Thus, the question is whether the modified order, insofar as it concerns the arrearage payment, may be construed as a retroactive increase in child support payments. We hold that it may not be construed in this manner because modification orders are amenable to the same rules of interpretation as judgments. Since this portion of the modification order must be treated as an order for payment of an arrearage and neither the pleadings nor the evidence support such an order, we delete it from the trial court's modification decree which, as modified, is affirmed.

The parents in this case, Neill S. McLeod, II and Mildred Theresa McLeod, were divorced in 1977 with custody of their son and two daughters having been awarded to the mother. In October of 1981, the trial court transferred custody of the son and elder daughter to the father and ordered the father to pay the mother $150 monthly for the support of the younger daughter remaining in her custody. While in her father's custody, the elder daughter was placed in an institution for counseling with regard to an undisclosed matter. After she was discharged from the institution, the father refused to accept the daughter back into his home or to relinquish custody to the mother. The mother obtained temporary custody of the elder daughter and soon thereafter moved for modification of the 1981 order. The mother requested custody of all three children and "proper orders for the support of the[se] children." The hearing on this motion was postponed for fifteen months during which the mother provided virtually all of the support for the son and elder daughter. Nevertheless, the mother did not urge that the children, without a temporary order for support payments from the father, would suffer immediate, irreparable harm as required under Dallas Civil Court Rule 2.2 to obtain an order for interim support pending final resolution of her motion to modify.

During the delay, however, the parties agreed that the mother should have custody of both daughters and that the son should live with his father. Thus, the only

---

1. The Honorable John A. James, Jr., retired Justice of the Court of Appeals for the Tenth District of Texas at Waco, sitting by assignment pursuant to section 73.012 of the Government Code.

substantial dispute at the hearing was the amount in which the father's support payments should be increased. After testimony concerning the financial resources of each party, the trial court entered a modification order awarding the mother custody of the daughters, increasing the father's future support obligations, and directing that the father pay an additional $540 per month for fifteen months to discharge purported "child support *arrearages*" (emphasis added).

■ In enacting the Family Code, the legislature has manifested a clear intent that, unless expressly provided otherwise, suits affecting the parent-child relationship are to be governed by the same rules of procedure as those generally applied in other civil cases. *See* Tex.Fam.Code Ann. §§ 11.14, 11.19 (Vernon 1986). Accordingly, it has been held that Rule of Civil Procedure 301 applies in modification suits so as to require that all orders conform with and be supported by both the pleadings and the evidence. *Martin v. Martin*, 523 S.W.2d 252, 253 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). The father contends that, insofar as the award for arrearages is concerned, this rule was not complied with. He reasons that to support the order for payment of arrearage, it was incumbent on the mother to plead and prove that he defaulted on an obligation imposed by the order in effect from October 1981 until the current order was rendered. We agree.

■ Without a prior court order fixing a sum to be paid for child support, one cannot be found in "arrears" of such obligation. *Harrell v. Harrell*, 171 So.2d 214, 216 (Fla.Dist.Ct.App.1965). Indeed, the lexicology of the word "arrears" indicates that its use presupposes a previous debt or other obligation. *See Wiggin v. Knights of Pythias*, 31 F. 122, 123 (W.D.Tenn.1887). Therefore, the trial court's ordering the payment of an arrearage necessarily presupposes that the father defaulted on an accrued obligation. It is undisputed that the only order for payments from the father prior to the instant modification was the directive that he pay $150 per month

for the support of the younger daughter. We have examined the record and find no allegation or proof that the father ever defaulted on this obligation. Therefore, if we accept this portion of the modification at face value, it is invalid. *See* Tex.R. Civ.P. 301.

Tacitly conceding this proposition, the mother does not seek to defend the order on the basis of what it purports to be. Instead, she relies on statements by the trial judge during the hearing and the fact that the "arrearage" payments are to be for the same duration as the pendency of her motion as evidence that the trial court actually intended to award increased child support retroactive to the date she filed her motion. From this premise, she concludes that her pleading for "proper" support payments and her showing that her expenditures for support of the children increased were sufficient to support the retroactive increase.

■ We need not test the correctness of the mother's conclusion, however, because we are unable to accept her premise. Court orders and judgments are to be construed under the same rules of interpretation as those applied to other written instruments. *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404 (Tex.1971). When the judgment or order on its face is plain and unambiguous, extrinsic matters may not be considered to give the decree a different effect from that expressed by the literal meaning of the words used therein. *See Harrison v. Manvel Oil Co.*, 142 Tex. 669, 180 S.W.2d 909, 915 (1944). Neither party contends that the questioned portion of the modification order contains any ambiguity and we find none. Accordingly, earlier statements by the trial judge concerning the intended effect of the order may not be considered. *Kates v. Smith*, 556 S.W.2d 630, 632 (Tex.Civ.App.—Texarkana 1977, no writ).

■ We are compelled to treat the order as one for the payment of arrearages and not as a retroactive increase in child support. Because the pleadings and evidence

do not support this aspect of the modification order, we delete this provision. Tex.R. App.P. 80(c). As modified, the order is affirmed.