162 S.W.3d 438 (2005)
In the Interest of E.A.C. and C.L.C., Minor Children.
No. 05-03-00554-CV.
Court of Appeals of Texas, Dallas.
May 11, 2005.
*440 Brad M. Lamorgese, Cooper & Scully, P.C., Dallas, for Appellant.
Georganna L. Simpson, Law Office of Georganna L. Simpson, Susan Vrana, Moore, Vrana & Padgitt, Dallas, for Appellant.
Before Justices WRIGHT, FITZGERALD, LANG-MIERS.

OPINION
Opinion by Justice LANG-MIERS.
This is a limited appeal pursuant to rule 34.6(c)(1) in which appellant Lorrie Lou McDonald complains of the child support order entered against her in favor of appellee Glenn Coterill. See TEX.R.App. P. 34.6(c)(1). We modify the judgment and, as modified, affirm.

BACKGROUND
McDonald and Coterill were married in 1981. Coterill filed a petition for divorce in 1999 in which he asked to be appointed joint managing conservator and primary possessory conservator of their three minor children.[1] Coterill also asked for temporary child support from McDonald. The trial court appointed a guardian ad litem to represent the children's interests but did not order McDonald to pay temporary child support.
In May 2001, the trial court heard evidence in the divorce action and granted the divorce. The divorce decree awarded McDonald, among other things, a promissory note in the principal amount of $658,000 plus interest payable monthly by Coterill to McDonald as payment for her community interest in the marital estate. At the guardian ad litem's request, the trial court severed the issues in the suit affecting the parent child relationship (the SAPCR) and delayed the hearing on those issues.
In June 2001, the trial court heard evidence in the SAPCR, but the order was not signed until January 16, 2003. In the SAPCR order, the trial court appointed Coterill sole managing conservator of C.I.C. and appointed Coterill and McDonald joint managing conservators of E.A.C. The trial court also found that McDonald owed Coterill $6,119.16 in "child support arrearage" through January 1, 2002 plus interest accruing at six percent from February 2, 2002 for a total of $6,471.09 as of the date of the order. Additionally, the trial court awarded the guardian ad litem $1,200 against McDonald but ordered Coterill to pay that amount on McDonald's behalf. The trial court then ordered an offset of both the child support award and the guardian ad *441 litem fees against the principal amount Coterill owed to McDonald by the terms of the promissory note.
McDonald timely requested findings of fact and conclusions of law. She also filed a motion for new trial in which she objected to the court's order of offset of the guardian ad litem fees against the promissory note. The trial court denied McDonald's motion for new trial and McDonald appealed. Fourteen days after McDonald filed her notice of appeal, the trial court issued its findings of fact and conclusions of law.
Pursuant to rule 34.6(c)(1), McDonald requested a partial reporter's record and included a statement of issues to be presented on appeal.[2]See TEX.R.APP. P. 34.6(c)(1). Rule 34.6(c) limits the parties to these issues. Id.
McDonald argues (1) the trial court erred in ordering McDonald to pay child support arrearage where no order existed obligating her to pay child support, and (2) the trial court erred in ordering the child support arrearage owed by McDonald to be deemed paid from the promissory note awarded McDonald in the divorce decree because the offset is an impermissible modification of the divorce decree.
In an appeal under rule 34.6(c), we must presume the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing these issues and that the omitted portions of the record are irrelevant. See R. 34.6(c)(4); see also $4,310 In United States Currency v. State, 133 S.W.3d 828, 829 (Tex. App.-Dallas 2004, no pet. h.). This is true even if a point raises the factual or legal insufficiency of the evidence to support a specific finding identified in the issues. TEX.R.App. P. 34.6(c)(4); Bennett v. Cochran, 96 S.W.3d 227, 228 (Tex.2002).
We review a trial court's determination of child support under an abuse of discretion standard. Wilemon v. Wilemon, 930 S.W.2d 290, 293 (Tex.App.-Waco 1996, no writ); see also Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.1990). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding principles. See Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.1985); Doyle v. Doyle, 955 S.W.2d 478, 479 (Tex.App.-Austin 1997, no pet.). Under an abuse of discretion standard, legal and factual insufficiency issues are not independent grounds of error but are relevant factors in assessing whether the trial court abused its discretion. Doyle, 955 S.W.2d at 479; Wilemon, 930 S.W.2d at 293-94. If there is some evidence of a substantive and probative character to support the decision of the trial court, no abuse of discretion occurs. Wilemon, 930 S.W.2d at 294.

ARREARAGE OR LUMP SUM CHILD SUPPORT AWARD?
In her first issue, McDonald argues the court abused its discretion in finding that she owed a "child support arrearage" in the SAPCR order because the court had never signed an order obligating her to pay child support.[3] The SAPCR order stated:
"The Court finds that Lorrie Lou McDonald owes $6,119.16 in child support *442 arrearage to Glenn A. Coterill through January 1, 2002. IT IS ORDERED that the arrearage shall bear interest beginning February 1, 2002 at 6%. The court finds the arrearage and interest owed as of the date of the entry of this order is $6,471.09 and that Glenn A. Coterill may set off said amount against this arrearage and interest amount against the principal owed on one Promissory Note dated September 13, 2001 in the original principal amount of $658,000.00 owed by him to Lorrie Lou McDonald.... IT IS THEREFORE ORDERED AND DECREED that the amount of $6,471.09 is hereby paid by Glenn A. Coterill against the principal of the Promissory Note dated September 13, 2001 in the original principal amount of $658,000.00. . . ."
(emphasis added).
Coterill responds that a trial court's findings of fact control over its judgment and that the findings of fact in this case awarded lump sum child support, not an arrearage, citing civil procedure rule 299a. See TEX.R. Civ. P. 299a.
Rule 299a provides that "[f]indings of fact shall not be recited in a judgment. If there is a conflict between findings of fact recited in a judgment in violation of this rule and findings of fact made pursuant to Rules 297 and 298, the latter findings will control for appellate purposes." Id.; see Guridi v. Waller, 98 S.W.3d 315, 317 (Tex.App.-Houston [1st Dist.] 2003, no pet.) (findings of fact control over recitations of facts in judgment); Zorilla v. Wahid, 83 S.W.3d 247, 254 (Tex.App.-Corpus Christi 2002, no pet.) (same); Frommer v. Frommer, 981 S.W.2d 811, 814 (Tex.App.-Houston [1st Dist.] 1998, pet. dism'd) (same); Hill v. Hill, 971 S.W.2d 153, 156 (Tex.App.-Amarillo 1998, no pet.) (findings in judgment should be given effect if they don't conflict with separately-filed findings).
Finding of fact number six states:
6. At the request of Mother's attorney during the pendency of the divorce and for judicial economy and efficiency, the Court abated hearings requested by Father for child support from Mother until final trial on the merits. The Court finds Mother should pay Father lump sum child support for the children in the possession of the father during the pendency of the divorce and pendency of the SAPCR in the amount of $6119.16 with interest at 6% beginning February 1, 2002.
(emphasis added).
We initially address McDonald's argument that rule 299a does not apply in this case. First, she argues the family code requires the court to recite facts in the judgment and rule 299a does not apply. We disagree. The legislature made it clear in enacting the family code that, unless expressly provided otherwise, suits affecting the parent-child relationship are to be governed by the same rules of procedure as those generally applied in other civil cases. See McLeod v. McLeod, 723 S.W.2d 777, 779 (Tex.App.-Dallas 1987, no writ); see TEX. FAM.CODE ANN. §§ 105.003, 109.002 (Vernon 2002).
McDonald cites sections 157.166 and 157.263 of the family code as requiring certain fact findings in a child support arrearage judgment. See TEX. FAM.CODE ANN. §§ 157.166, 157.263 (Vernon 2002). But these sections refer to an order entered pursuant to a Chapter 157 motion to enforce a final order of child support. See generally TEX. FAM.CODE ANN. Ch. 157 (Vernon 2002 & Supp.2004-05). Because this case is an original SAPCR proceeding, not a motion to enforce a child support order under Chapter 157, we conclude *443 these sections do not apply. But even if they did, nothing in the language of these sections states that we should disregard rule 299a when findings of fact have been requested pursuant to rule 296. Accordingly, we reject McDonald's argument that the family code prevents rule 299a from applying to this case.
McDonald next argues that rule 299a does not apply because the judgment recites an "ultimate fact" necessary to make a legal declaration of the rights of the parties and not a finding of fact stated in a judgment in violation of the rule, citing Pacific Employers Insurance Company v. Brown, 86 S.W.3d 353 (Tex.App.-Texarkana 2002, no pet.). Brown was a workers' compensation case in which the judgment recited a seventeen percent impairment rating but the separately-filed findings of fact recited a thirteen percent impairment rating. Id. In Brown, the court held that the seventeen percent in the judgment was an "ultimate fact" that was necessary to make a legal declaration of the rights of the parties and was not a finding of fact. Id. at 356-57. As a result, the court held that it was not a finding of fact in a judgment in violation of rule 299a and rule 299a did not apply. Id.
While we express no opinion on Brown's "ultimate fact" analysis, we conclude, unlike the court in Brown, that we are presented with an issue rule 299a resolves. McDonald requested findings of fact pursuant to rule 296 and the trial court issued those findings. When a conflict exists between findings of fact recited in a judgment and findings of fact made pursuant to rule 296, rule 299a mandates that the latter findings control for appellate purposes. TEX.R. CIV. P. 299a. We reject McDonald's argument that the finding of an "arrearage" was an ultimate fact required to be in the judgment and that rule 299a does not apply.
Next, we turn to McDonald's argument that because the trial court's findings of fact and conclusions of law were filed untimely, "it is unclear whether the findings are effective for any purpose." We disagree.
McDonald requested findings of fact and conclusions of law on January 21, 2003.[4] When the trial court did not file its findings and conclusions by February 10, 2003, McDonald filed a notice of past due findings of fact and conclusions of law on February 17, 2003, making the findings and conclusions due March 3, 2003.[5] The court issued its findings on May 1, 2003.
When a trial court files belated findings, the only issue that arises is whether the appellant was harmed, not whether the trial court had jurisdiction to make the findings. Morrison v. Morrison, 713 S.W.2d 377, 380-81 (Tex.App.-Dallas 1986, writ dism'd); Robles v. Robles, 965 S.W.2d 605, 610 (Tex.App.-Houston [1st Dist.] 1998, pet. denied). This harm may be in two forms: (1) the litigant is unable to request additional findings, or (2) the litigant was prevented from properly presenting his appeal. See Morrison, 713 S.W.2d at 381; Robles, 965 S.W.2d at 610.
*444 McDonald did not file objections to the findings or request additional findings of fact and conclusions of law. See TEX.R. CIV. P. 298 (any party may request additional or amended findings of fact and conclusions of law within ten days after the filing of the original findings and conclusions). Neither party asked this Court to abate the appeal to allow the trial court to make additional findings or conclusions, which the trial court is permitted to do even after it loses its plenary power. See Robles, 965 S.W.2d at 611; Morrison, 713 S.W.2d at 380-81. Additionally, the findings and conclusions were included in the record on appeal before McDonald's brief was due,[6] and she does not complain that she was prevented from properly presenting her appeal. We conclude McDonald has not shown harm from the trial court's belated filing of its findings of fact and conclusions of law.
McDonald contends that applying rule 299a to the facts here allows Coterill to impermissibly "recast" the child support from an arrearage to a lump sum for the first time after the trial court's plenary power expired, citing this Court's opinion in McLeod as controlling. We disagree.
In McLeod, the issue was not whether the trial court's findings of fact conflicted with findings in its judgment, but whether we could consider extrinsic evidence in construing the term "arrearage" in the judgment and, using that extrinsic evidence, interpret "arrearage" as actually an order for retroactive child support. Id. at 779-80. Finding the judgment was not ambiguous, we concluded we could not consider extrinsic evidence. Id. Here, the trial court's findings, not extrinsic evidence, characterize the payment as a lump sum payment.
McDonald also argues the evidence is insufficient to support the trial court's finding of fact number six "that she owed child support arrearage to Coterill" because there is no evidence "that the court ever set a child support obligation in a written order." But finding of fact number six does not state that McDonald owed an arrearage; it states she owed lump sum child support. And McDonald does not challenge the sufficiency of the evidence to support the court's finding that she owed lump sum child support.
We conclude the trial court's finding of a lump sum child support award in its separately-filed findings of fact following a timely request under rule 296 controls over its finding of an arrearage in the SAPCR order. For these reasons, we modify the trial court's order to reflect a lump sum child support award rather than an arrearage. TEX.R.APP. P. 43.2(b); Zorilla, 83 S.W.3d at 254 (court modified child support awarded in divorce decree because it conflicted with the trial court's findings of fact and conclusions of law).
We overrule McDonald's first issue.

IMPERMISSIBLE OFFSET?
In her second issue, McDonald complains that the SAPCR order which offsets the amounts due McDonald under the promissory note against the child support she owes under the SAPCR order constitutes an impermissible collateral attack on the final order dividing the marital estate in the divorce case.[7]
*445 To preserve a complaint for appeal, the record must show that the complaint was made to the trial court by a timely request, objection or motion and that the trial court ruled on the request, objection or motion either expressly or implicitly or that the trial court refused to rule and the party objected to the court's refusal. TEX.R.APP. P. 33.1(a). The complaint raised on appeal must be the same as the complaint presented to the trial court. See Commonwealth Lloyd's Ins. Co. v. Thomas, 825 S.W.2d 135, 147 (Tex.App.-Dallas 1992, writ ref'd n.r.e.); see also Hooten v. Dunbar, 347 S.W.2d 775, 777-78 (Tex.Civ.App.-Beaumont 1961, writ ref'd n.r.e.). A party may not enlarge a ground of error on appeal to include an objection not asserted at trial. Thomas, 825 S.W.2d at 147; see Pfeffer v. S. Tex. Laborers' Pension Trust Fund, 679 S.W.2d 691, 693 (Tex.App.-Houston [1st Dist.] 1984, writ ref'd n.r.e.).
In her motion for new trial, McDonald objected to the provision in the SAPCR order authorizing an offset of the guardian ad litem fees against the promissory note. But she did not object to the offset of the child support award against the promissory note. We have examined the record and found nothing to show that McDonald presented this issue to the trial court. Having failed to preserve this issue for review, we overrule McDonald's second issue.

CONCLUSION
We conclude the trial court's findings of fact and conclusions of law control over the factual findings in its judgment and modify the trial court's SAPCR order as follows:
The Court finds that Lorrie Lou McDonald owes $6,119.16 in lump sum child support to Glenn A. Coterill through January 1, 2002. IT IS ORDERED that the lump sum child support shall bear interest beginning February 1, 2002 at 6%. The court finds the lump sum child support and interest owed as of the date of the entry of this order is $6,471.09 and that Glenn A. Coterill may set off said amount against this lump sum child support and interest amount against the principal owed on one Promissory Note dated September 13, 2001 in the original principal amount of $658,000.00 owed by him to Lorrie Lou McDonald. IT IS THEREFORE ORDERED AND DECREED that the amount of $6,471.09 is hereby paid by Glenn A. Coterill against the principal of the Promissory Note dated September 13, 2001 in the original principal amount of $658,000.00. IT IS ORDERED that the escrow agent, Frederick S. Adams, is hereby given notice of the payment.
See TEX.R.App. P. 43.2(b). As modified, we affirm the trial court's order.
NOTES
[1] One child turned age 18 before final judgment.
[2] McDonald raises only the first two issues on appeal and stated she is not pursuing the third issue.
[3] Neither party was ordered to pay monthly child support because each parent has custody of one child. McDonald complains only of the child support awarded Coterill for support during the pendency of this action because it was characterized as arrearage.
[4] Any party may request findings of fact and conclusions of law within twenty days after the judgment is signed. TEX.R. CIV. P. 296. In this case, the judgment was signed January 16, 2003.
[5] If the trial court does not file its findings of fact and conclusions of law within twenty days after a timely request, the requesting party shall file a "Notice of Past Due Findings of Fact and Conclusions of Law" within thirty days after filing the original request. TEX.R. Civ. P. 297. The trial court then has forty days from the date the original request was filed to file its findings of fact and conclusions of law. Id.
[6] The clerk's record was filed May 15, 2003 and included the trial court's findings of fact and conclusions of law. The reporter's record was filed June 12, 2003. McDonald filed her brief July 14, 2003.
[7] Some confusion exists whether the court's order of severance of the SAPCR issues from the divorce issues was actually a severance or merely an order for separate trials. We do not decide this issue because it does not affect the disposition of this case.