**Reverse and Remand; Opinion Filed June 25, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00377-CV

### MARCO ANTONIO GARDUZA, Appellant
### V.
### MARISOL PEREZ CASTILLO, Appellee

#### On Appeal from the 254th Judicial District Court
#### Dallas County, Texas
#### Trial Court Cause No. DF-10-21452-R

## MEMORANDUM OPINION
Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Evans

Marco Garduza appeals certain provisions of his divorce decree including those provisions addressing child support, child support arrears, a reservation for cash medical support, and lack of any geographic restriction on his child's residence. Appellant contends that the trial court abused its discretion and requests that this Court reverse and remand because he was not served with the amended petition that substantially changed appellee's requests concerning child support and medical support provisions in the decree, and the provisions for arrearages and lack of any geographic restriction. We reverse the judgment of the trial court and remand the case for a new trial.

# BACKGROUND

Appellant and appellee married in 2006 and had one child, A.G.G., in 2007. On December 9, 2010, appellee filed *pro se* a fill-in-the-blank petition for divorce. In regard to A.G.G., the divorce petition provided that: "My spouse and I agree to try to make an agreement about custody, visitation, and support. If we cannot make an agreement, I want the court to make decisions on these issues that are best for our children." On December 13, 2010, appellant received a copy of the petition and executed a two-page waiver. The waiver provisions on the page immediately above appellant's notarized signature provided as follows:

> **Warning: This form waives all of your legal rights in this case.**[1]
>
> DO NOT sign it if you want to know what will be ordered in your case. You can waive service of process, but keep your legal rights by filing an *Answer*, instead. You can find an *Answer* form in the family law section of www.TexasLawhelp.org.

4. **Global Waiver**
I agree that the court can make decisions in this case without further notice to me.

5. **The Respondent swears under oath:**
∗ ∗ ∗
"I do not want a peace officer or process server to give me another copy of the Petition for Divorce. I waive my right to the issuance and service of citation in this case.

"I understand that by signing this form I am entering an appearance, and it is a substitute for going to Court and telling the Court my side of the case. I do not want testimony in this divorce recorded. And, I agree that a Judge, Associate Judge, or appointed Referee of the Court may make decisions about my divorce, even if the divorce should have been filed in another county or state.
∗ ∗ ∗
"I agree that the court can make decisions in this case without further notice to me."

Subsequent to these filings, appellee retained counsel and filed a First Amended Petition for Divorce on October 20, 2011. The amended petition was substantially different than the original

---

[1] The top of each page contained the same warning framed in a box.

petition and requested that appellee be appointed as conservator with the exclusive rights to determine A.G.G.'s primary residence, and that appellant be ordered to provide child support and medical support for A.G.G. On August 3, 2012, appellee filed a Second Amended Petition for Divorce which requested the same relief as that in the First Amended Petition. Appellee did not serve appellant with either amended petition but instead pleaded that appellant had "waived service of process by waiver duly filed." Neither of the amended petitions contained a certification stating that it was served on appellant by a means permitted by rule 21a of the Texas Rules of Civil Procedure.

On December 3, 2012, appellee appeared with her attorney at a default hearing on the trial court's uncontested prove-up docket. Based on the waiver that had been filed, appellee did not provide notice of the hearing to appellant. Following the hearing, the trial court entered a Final Decree of Divorce and Order Establishing Parentage. The decree orders, among other things, that: (1) appellee has the exclusive right to designate the child's primary residence without regard to geographic location; (2) appellant will pay child support; (3) appellant has twenty-six months of child support arrearage; and (4) appellee reserves the right to request that appellant pay cash medical support.

Appellant filed a Motion for New Trial on December 21, 2013, but the motion failed to allege any grounds for a new trial. The trial court held a hearing on February 7, 2013, at which appellant appeared *pro se* and stated that he wanted to "fix the child support" and to "see if I can get more days to see my daughter." The trial court denied the motion as insufficient but advised appellant to file a motion to modify the existing orders to address his issues. Appellant then filed this appeal.

## ANALYSIS

### A.    Standard of Review

Most appealable issues in a family law case are evaluated under an abuse of discretion standard. *See In Re E.A.C.*, 162 S.W.3d 438, 441 (Tex. App—Dallas 2005, no pet.) ("We review a trial court's determination of child support under an abuse of discretion standard."); *Jacobs v. Dobrei*, 991 S.W.2d 462, 463 (Tex. App—Dallas 1999, no pet.) ("We give wide latitude to a trial court's decision on custody, control, possession and visitation matters. We reverse the trial court's decision only if it appears from the record as a whole that the trial court abused its discretion."). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or when it acts without reference to any guiding principles. *In re E.A.C.*, 162 S.W.3d at 441. Further, matters of service and notice are also governed by an abuse of discretion standard. *See Smith v. Smith*, 241 S.W.3d 904 (Tex. App—Beaumont 2007, no pet.) (trial court abused its discretion by refusing to set aside judgment because appellant was not served with second amended petition).

### B.    Failure to Serve Amended Petitions on Appellant

In his first issue, appellant contends that the trial court erred by granting a default judgment against appellant when he did not receive service of either of the amended petitions or notice of the final hearing. Appellant received the original petition for divorce, but chose not to file a formal answer and elected to file a form entitled "Waiver of Service." The only waiver of service in this form provides that appellant waived his "right to the issuance and service of citation in this case." The issuance and service of citation is only required for an original petition. *In re E.A.*, 287 S.W.3d 1, 4 (Tex. 2009). Thereafter neither issuance or service of citation is required for subsequently amended petitions, just service pursuant to rule 21a of each amended petition that requests more onerous relief. *See* TEX. R. CIV. P. 21a; *In re E.A.*, 287

S.W.3d at 4. Although the waiver could have included language waiving service of amended petitions, there is no such language in the form signed by appellant. *See In re J.P.*, 196 S.W.3d 434, 437 (Tex. App.—Dallas 2006, no pet.) (waiver of service not only of original petition but amended petitions with language providing as follows: "I enter my appearance in this case for all purposes and waive the issuance, service, and return of citation on me. I agree that the Petition may be amended, and that the case may be taken up and considered by the Court without further notice to me.").

There is no dispute that the amended petitions were not served on appellant and neither amended petition contained a certification of service on appellant as required by rule 21a. *See* TEX. R. CIV. P. 21a. This failure to serve subsequently amended petitions by a method of service permitted by rule 21a deprived appellant of actual notice of the significant change in the relief requested against him. Further, because the failed service was due to no fault of appellant, we do not infer constructive notice to him. *See In re E.A.*, 287 S.W.3d at 5-6. Accordingly, on the face of this record appellant was deprived of notice of the more onerous relief sought against him in both amended petitions which lack of service he had not waived.

A defendant that never received the suit papers is generally entitled to a new trial without any further showing when raised in a motion for new trial. *Fidelity and Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 574 (Tex. 2006) (per curiam) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988)). This applies to a defendant who was never served by rule 21a with more onerous amended petitions on which default judgment was granted. *See In re E.A.*, 287 S.W.3d at 3, 6 (Tex. 2009). Accordingly, appellant would be entitled to reversal of the judgment and remand of the case for a new trial, if the error is properly before us for our consideration.

## C.	Preservation of Issue for Appeal

Appellant failed to insert *any* grounds into his form motion for new trial that he filed *pro se*. He, therefore, failed to raise in the trial court any of the arguments which he raises here. Ordinarily, an appellant must demonstrate that it made a timely request, objection, or motion before the trial court and obtained a ruling to preserve error for appeal in accordance with Rule 33.1 of the Texas Rules of Appellate Procedure. *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) ("Under our Rules of Appellate Procedure, a party must present to the trial court a timely request, motion, or objection, state the specific grounds therefor, and obtain a ruling."), *cert. denied*, 541 U.S. 1043 (2004). However, the Texas Supreme Court has decided that although a defendant filed a motion for new trial that did not complain of the defective service of citation, the defendant could properly raise the issue on appeal for the first time. *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990) (observing that Rule 324 of the Texas Rules of Civil Procedure—addressing prerequisites of appeal—does not require that a motion for new trial raise issues of defective service for preservation of error); *see also Benefit Planners, L.L.P. v. RenCare, Ltd.*, 81 S.W.3d 855, 857–58 (Tex. App.—San Antonio 2002, pet. denied) (holding defective service of citation can be raised for first time on appeal); *Arredondo v. State*, 844 S.W.2d 869, 871 (Tex. App.—Texarkana 1992, no writ) (holding that defective service of a notice of seizure and intended forfeiture not proven to have been served by the State by certified mail as required by statute could be raised for the first time on appeal by holding that "[i]t is well settled . . . that a failure of service can be raised for the first time on appeal."). Here, the face of the record affirmatively reveals that neither amended petition was served on appellant pursuant to rule 21a and neither party contends either was served on appellant. We conclude appellant may complain on appeal for the first time of appellee's failure to serve the more onerous amended petitions which only had to be served pursuant to rule 21a.

**CONCLUSION**

We resolve appellant's first issue in his favor without reaching his remaining issues. *See* TEX. R. APP. P. 44.1. We reverse the trial court's judgment and remand the case to the trial court for further proceedings.

/ David Evans/
DAVID EVANS
130377F.P05                    JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCO ANTONIO GARDUZA, Appellant

No. 05-13-00377-CV          V.

MARISOL PEREZ CASTILLO, Appellee

On Appeal from the 254th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-10-21452-R.
Opinion delivered by Justice Evans.
Justices FitzGerald and Fillmore
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for a new trial.

It is **ORDERED** that appellant MARCO ANTONIO GARDUZA recover his costs of this appeal from appellee MARISOL PEREZ CASTILLO.

Judgment entered this 25th day of June, 2014.

/David Evans/
DAVID EVANS
JUSTICE