# NO. 12-18-00109-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF THE MARRIAGE OF THOMAS SHEP HALL AND JENNIFER THERESA OLLER AND IN THE INTEREST OF* | *§* | *APPEAL FROM THE 349TH* |
| | *§* | *JUDICIAL DISTRICT COURT* |
| *K. N. H., A CHILD* | *§* | *ANDERSON COUNTY, TEXAS* |

### *PER CURIAM ORDER*

Jennifer Theresa Oller appeals from a final decree of divorce signed on March 29, 2018. On April 17, Oller timely requested findings of fact and conclusions of law pursuant to Texas Rule of Civil Procedure 296 and Sections 6.711, 154.130, and 153.258 of the Texas Family Code. When the trial court failed to file the requested findings, Oller filed a motion with this Court, in which she seeks abatement of the appeal for the entry of findings of fact and conclusions of law. Appellee Thomas Shep Hall responds that (1) the parties agreed to the property division, making findings and conclusions unnecessary; (2) the trial court ordered standard possession, thus, Section 153.258 of the Family Code does not apply, (3) no findings were required regarding possession and access, and there were no orders that required special findings, and (4) Oller made no request for findings in compliance with Section 154.130(a) of the Family Code. Although he believes abatement is unnecessary, Hall requests that "only those findings that were required, if required, be made by the trial court." We abate and remand.

### APPLICABLE LAW

In any case tried in the district court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law. TEX. R. CIV. P. 296.[1] Such request shall be

---

[1] The Texas Rules of Civil Procedure apply to family law cases. *See* TEX. FAM. CODE ANN. § 105.003(a) (West 2014) (except as otherwise provided, proceedings shall be as in civil cases generally), §109.002(a) (West Supp. 2017) (appeal from final order in suit affecting parent child relationship, when allowed under this section or other

filed within twenty days after judgment is signed with the clerk of the court, who shall immediately call such request to the attention of the judge who tried the case. *Id*. The court shall file its findings of fact and conclusions of law within twenty days after a timely request is filed. TEX. R. CIV. P. 297. If the court fails to do so, the party making the request shall, within thirty days after filing the original request, file with the clerk and serve on all other parties a "Notice of Past Due Findings of Fact and Conclusions of Law" which shall be immediately called to the attention of the court by the clerk. *Id*. Upon filing this notice, the time for the court to file findings of fact and conclusions of law is extended to forty days from the date of the original request. *Id*.

A trial court's failure to make findings is presumed harmful unless the record affirmatively shows that the complaining party suffered no injury. *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996). "When the trial court's reasons for its judgment are apparent from the record, the presumption of harm is rebutted." *Matter of Marriage of Stegall*, No. 07-15-00392-CV, 2016 WL 3364875, at *1 (Tex. App.—Amarillo, June 15, 2016, no pet.) (abatement order). Generally, an appellant is harmed if she must guess at the reason the trial court ruled against her. *In Interest of C.P.K.*, 542 S.W.3d 839 (Tex. App.—Amarillo 2018, no pet.). The appropriate remedy is to abate the appeal and direct the trial court to file the absent findings and conclusions. *Id*.

## ANALYSIS

In the present case, Oller timely filed her request for findings of fact and conclusions of law on April 17. *See* TEX. R. CIV. P. 296. However, the trial court did not file findings and conclusions. *See* TEX. R. CIV. P. 297. Thus, within thirty days of April 17, Oller filed a notice of past due findings of fact and conclusions of law on May 9. *See id*. Filing of this notice gave the trial court forty days from April 17 to file findings of fact and conclusions of law. *See id*. That time has passed without any such findings and conclusions being filed. Thus, we conclude that Oller properly sought findings of fact and conclusions of law, and we must now determine whether the record demonstrates harm.

In the divorce decree, the trial court divided the marital estate and appointed Hall and Oller joint managing conservators of their child, with Hall having the exclusive right to designate the

---

provisions of law, shall be as in civil cases generally); *see In re E.A.C.*, 162 S.W.3d 438, 442 (Tex. App.—Dallas 2005, no pet.) ("legislature made it clear in enacting the family code that, unless expressly provided otherwise, suits affecting the parent-child relationship are to be governed by the same rules of procedure as those generally applied in other civil cases").

child's primary residence within Anderson County. The decree also contains a standard possession order and requires Oller to pay $454 in monthly child support and $115 in additional monthly child support for the child's medical care.[2] Additionally, the decree contains a permanent injunction, based on the policy considerations of Section 153.001 of the Family Code, prohibiting the parties, their agents, servants, employees, and those persons in active concert or participation with them from (1) permitting an unrelated adult with whom the other party has a romantic, intimate, or dating relationship to remain in the same residence with the child between 10:00 p.m. and 7:00 a.m.; and (2) smoking in the child's presence, while in an automobile with the child, or in the same residence with the child.

The record from the final hearing demonstrates that the parties agreed to the property division. Accordingly, we conclude that the record does not reflect a dispute with respect to that issue. The Texas Supreme Court has held that "fact findings are not necessary when the matters in question are not disputed." **Barker v. Eckman**, 213 S.W.3d 306, 310 (Tex. 2006) (rejecting contention that Barkers waived their limitations issue by failing to request findings of fact and conclusions of law as to court's ruling on limitations defense because dates of alleged breaches were undisputed and findings were not required); *see Stegall*, 2016 WL 3364875, at *2 (abating for findings where characterization and division of property not undisputed and reasons not obvious from record). Thus, findings and conclusions are unnecessary as to the trial court's property division.[3]

---

[2] Section 153.258 of the Family Code, under which Oller also sought findings, provides, "In all cases in which possession of a child by a parent is contested and the possession of the child varies from the standard possession order, including a possession order for a child under three years of age, on request by a party, the court shall state in writing the specific reasons for the variance from the standard order." TEX. FAM. CODE ANN. § 153.258(a) (West Supp. 2017). In the instant case, findings under this section are not required because the trial court's decree contains a standard possession order and Oller points to no variances in that order, aside from her complaint that Hall received the right to designate the child's primary residence. *See id.*

[3] Oller's request for findings also cited Section 6.711 of the Family Code, which states, "In a suit for dissolution of a marriage in which the court has rendered a judgment dividing the estate of the parties, on request by a party, the court shall state in writing its findings of fact and conclusions of law, including the characterization and value of all assets, liabilities, claims, and offsets on which disputed evidence has been presented." TEX. FAM. CODE ANN. § 6.711(a) (West Supp. 2017). Because the parties agreed to the property division, the trial court's reasons for the property division are apparent from the record and any error in the failure to file findings of fact and conclusions of law is harmless. *See Matter of Marriage of Stegall*, No. 07-15-00392-CV, 2016 WL 3364875, at *1 (Tex. App.—Amarillo, June 15, 2016, no pet.) (abatement order); *see e.g. In Interest of A.G.*, No. 05-16-01516-CV, 2018 WL 3545022, at *4 (Tex. App.—Dallas July 24, 2018, no pet.) (mem. op.) (when there is evidence in the appellate record to support the trial court's decision, the failure to make findings and conclusions under Section 6.711 is considered harmless error).

However, the record does reflect a dispute regarding three other issues. First, at the final hearing, Oller disagreed with injunctive relief prohibiting an unrelated adult with whom the other party has a romantic, intimate, or dating relationship from remaining in the same residence with the child between 10:00 p.m. and 7:00 a.m. Second, both parties sought the right to designate the child's primary residence and the trial court expressly recognized that the "only issue outstanding is who has primary -- the right to determine primary residence of the child." As previously stated, the trial court gave this right to Hall. Third, there is no indication in the record that the parties agreed on the amount of child support.[4] While the trial court found its rulings to be in the child's best interest, the bases for that determination are not apparent from the record, thereby forcing Oller to speculate as to the trial court's reasoning.

Under these circumstances, the trial court's failure to file the requested findings of fact and conclusions of law prevents Oller from properly presenting her case to this Court. *See* TEX. R. APP. P. 44.4(a)(1) (appellate court must not affirm or reverse a judgment or dismiss an appeal if (1) trial court's erroneous action or failure or refusal to act prevents proper presentation of case to court of appeals; and (2) trial court can correct action or failure to act); *see also **Stegall***, 2016 WL 3364875, at *2. Because the presumption of harm has not been rebutted in this case, we conclude that abatement and remand is appropriate to allow the trial court to remedy its failure to file findings of fact and conclusions of law. *See* TEX. R. APP. P. 44.4(b) (when circumstances described in Rule 44.4(a) exist, appellate court must direct trial court to correct the error); *see also **Tenery***, 932 S.W.2d at 30; ***C.P.K.***, 542 S.W.3d at 839; ***Stegall***, 2016 WL 3364875, at *2.

Accordingly,

It is ORDERED that the Honorable Mark A. Calhoon shall, in accordance with the rules of civil procedure, issue and file appropriate findings of fact and conclusions of law regarding his

---

[4] Without regard to Rules of Civil Procedure 296 through 299, Section 154.130 of the Texas Family Code requires a trial court to file certain findings if (1) a party files a written request with the court before the final order is signed, but not later than 20 days after the date of rendition of the order; (2) a party makes an oral request in open court during the hearing; *or* (3) the amount of child support ordered by the court varies from the amount computed by applying the percentage guidelines under Section 154.125 or 154.129, as applicable. TEX. FAM. CODE ANN. § 154.130(a) (West Supp. 2017). Oller requested findings under this provision on April 17. Although the decree was not signed until March 29, the final hearing at which the trial court rendered the order occurred on February 26; thus, her request was untimely under Section 154.130(a)(1) and (2). *See id*. With respect to Section 154.130(a)(3), Oller does not maintain that the amount of child support varies from the statutory guidelines. Nevertheless, Oller is still entitled to findings on child support under her request pursuant to Rule 296.

rulings on child support, injunctive relief, and the right to designate the child's primary residence. Such findings and conclusions must be filed with the district clerk on or before **October 1, 2018**.

It is FURTHER ORDERED that a supplemental clerk's record including the trial court's findings and conclusions be certified to this Court on or before **October 8, 2018**.

It is FURTHER ORDERED that the appeal is removed from this Court's active docket and will be reinstated upon the filing of a supplemental clerk's record containing the trial court's findings of facts and conclusions of law.

**WITNESS** the Honorable James T. Worthen, Chief Justice of the Court of Appeals, 12th Court of Appeals District of Texas, at Tyler.

**GIVEN UNDER MY HAND AND SEAL OF OFFICE** at Tyler, Texas, this 18th day of September 2018, A.D.

