**MODIFIED;REVERSE and REMAND and Opinion Filed November 14, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00744-CV

## IN THE INTEREST OF S.M.A. AND N.N.F., CHILDREN

**On Appeal from the 303rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-16-07076**

## MEMORANDUM OPINION
Before Justices Schenck, Reichek, and Goldstein
Opinion by Justice Reichek

In this appeal, Mother challenges the trial court's final order in a suit to modify the parent-child relationship.[1]  Because we conclude the trial court's findings of fact do not support its order, we modify the court's order to conform to its findings of fact on the issue of child support, and reverse and remand the court's order regarding conservatorship, possession, and the parents' rights and duties for further proceedings.

---

[1] The Office of the Attorney General of Texas contends in its brief on appeal that Mother is improperly challenging a temporary order rendered by an associate judge prior to trial.  It is clear from the issues brought by Mother that she is challenging the final order rendered by the trial court.  Accordingly we conclude the Attorney General's argument that Mother's appeal is moot, and we lack jurisdiction to address it, is without merit.

## Background

Mother and Father are the parents of two minor children, S.M.A and N.N.F. An agreed order establishing the parent-child relationship was entered on June 22, 2017. In the agreed order, Mother and Father were named joint managing conservators and Father was ordered to pay $620 per month in child support.

On January 17, 2020, Father filed a petition to modify the parent-child relationship in which he contended circumstances had materially and substantially changed. Father requested modification of the conservatorship and termination of the court-ordered support. Mother filed a counter-petition requesting that Father's child support obligation be recalculated, a confirmation of Father's child support arrearages, and modifications including the appointment of Mother as sole managing conservator with the exclusive right to make invasive medical decisions, educational decisions, and consent to the children's psychiatric and psychological treatment.

A trial before the court was conducted on April 30, 2021. Father failed to appear. At the conclusion of the hearing, the court orally announced it was denying both Mother's and Father's requested modifications to conservatorship, possession, and their rights and duties. The court further confirmed child support arrearages in the amount of $24,082.48 and increased the monthly amount of child support to be paid by Father to $1,700. The judge signed an order reflecting those rulings one month later.

Mother timely requested the trial court to make findings of fact and conclusions of law. Among the findings and conclusions made by the trial court were the following:

> (1)     There was a material and substantial change in circumstance of the parties;
>
> (2)     Mother presented permissible, uncontroverted testimony regarding Father's income and resources;
>
> (3)     25% of Father's net monthly resources is $2,300;
>
> (4)     Child support calculated using the Texas Family Code's guidelines is presumed to be in the best interest of the children;
>
> (5)     The trial court may deviate from the guidelines only if evidence rebuts the presumption that application of the guidelines is in the best interest of the children;
>
> (6)     No evidence was presented to overcome or rebut this presumption;
>
> (7)     If the amount of child support ordered varies from the amount computed by applying the guidelines, the court is required to make findings, including the specific reasons for the variance;
>
> (8)     No findings were made as to the specific reasons the amount of support per month ordered by the court varied from the amount computed by applying the percentage guidelines;
>
> (9)     After July 16, 2020, Father disappeared from both the litigation and the children's lives;
>
> (10)    Father was properly cited to appear at trial but failed to do so;
>
> (11)    At the time of trial, Father had not seen or spoken to the children in nine months;

(12) Father refused to participate in the custody evaluation;

(13) Father presented no evidence at trial that joint managing conservatorship was in the best interest of the children;

(14) Father presented no evidence that standard possession was in the best interest of the children;

(15) Father presented no evidence that a residency restriction to Dallas County was in the best interest of the children.

Father did not object to the trial court's findings.

## Analysis

### I. Child Support

In her first issue, Mother contends the trial court's order awarding her only $1,700 per month in child support is not supported by either the trial court's findings of fact or the evidence submitted at trial. No party in this case has challenged the trial court's findings of fact. Therefore, they are binding on this Court on appeal. *See Hotel Partners v. KPMG Peat Marwick*, 847 S.W.2d 630, 632 (Tex. App.—Dallas 1993, writ denied).

Findings of fact are the ultimate determinations of all specific inquiries necessary to establish conduct or the existence or nonexistence of a relevant matter. *Pac. Emp'rs Ins. Co. v. Brown*, 86 S.W.3d 353, 356–57 (Tex. App.—Texarkana 2002, no pet.). The judgment rendered by the trial court must conform to the nature of the case proved. TEX. R. CIV. P. 301. "When the findings of fact do not support the judgment, the judgment should either be reformed to conform to the findings, or

–4–

if appropriate, it should be reversed." *Brown*, 86 S.W.3d at 357; 6 McDonald & Carlson Tex. Civ. Prac. App. Prac. § 18:14 (2nd ed. 1998 & Supp. 2021).

The guidelines established by the Texas Family Code state that, for two children, 25% of the obligor's net monthly resources is presumptively the amount of child support that is in the best interest of the children. TEX. FAM. CODE ANN. § 154.122. The court here found that 25% of Father's net monthly resources was $2,300. The court further found that no evidence was presented to rebut the presumption that application of the 25% guideline was in the children's best interest. The court acknowledged that, to vary from the guidelines, it was required to provide specific reasons to justify the variance. The court did not provide any findings to support the award of $1,700, but instead stated no findings in support of a variance were made.

There is no way to reconcile the multiple findings made by the trial court on the child support issue and the amount of monthly support it ordered. The only amount of child support supported by the findings is $2,300 per month. Because the trial court's unchallenged findings show that $2,300 per month was 25% of Father's net monthly resources, and this amount of child support was in the children's best interest, we resolve Mother's first issue in her favor, and modify the trial court's order to award Mother $2,300 per month in child support. *See In re E.A.C.*, 162 S.W.3d 438, 444 (Tex. App.—Dallas 2005, no pet.) (modifying trial court's order on child support to conform to findings of fact).

## II. Conservatorship, Possession, and Rights and Duties

In her second issue, Mother contends the trial court abused its discretion in failing to grant her requested modifications to the children's conservatorship and possession and to her and Father's rights and duties as parents. A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *In re K.A.M.S.*, 583 S.W.3d 335, 341 (Tex. App.—Houston [14th Dist.] 2019, no pet.). There is no abuse of discretion if there is some evidence of a substantive and probative character to support the court's decision. *Id*.

Mother contends the trial court abused its discretion in denying her requested modifications because her unrebutted evidence showed that Father had disappeared from the children's lives. The trial court's finding that Father had not seen or spoken to the children in the nine months prior to trial indicates it found Mother's evidence credible. While none of the findings made by the trial court support its decision to deny Mother's requested modifications, they also cannot be read as unequivocally supporting the specific modifications she sought. It is impossible for us to discern the basis of the trial court's ruling from the findings it made. Because the trial court's findings are disconsonant with its order, and we cannot determine the court's reasoning from its findings, we conclude that, in the interest of justice, we must reverse and remand the court's order on conservatorship, possession, and the parents' rights and duties for further proceedings. *See Brown*, 86 S.W.3d at 359

(where judgment conflicted with fact findings, appropriate to reverse and remand for new trial in interest of justice).

Based on the foregoing, we modify the trial court's order to award Mother $2,300 per month in child support to be paid by Father. We reverse the portions of the order addressing conservatorship and possession of the children, and Mother's and Father's rights and duties as parents, and remand those issues to the trial court for further proceedings.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

210744F.P05

–7–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF S.M.A.
AND N.N.F., CHILDREN

No. 05-21-00744-CV

On Appeal from the 303rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-16-07076.
Opinion delivered by Justice
Reichek. Justices Schenck and
Goldstein participating.

In accordance with this Court's opinion of this date, the Modified Order in Suit Affecting the Parent-Child Relationship signed by the trial court on May 26, 2021 is **MODIFIED** as follows:

It is **ORDERED** that YERVY AGUILA is obligated to pay and shall pay to TAMICA LATOYA FITZGERALD child support of two thousand three hundred dollars and zero cents ($2,300) per month.

It is further **ORDERED** that, the portions of the trial court's order pertaining to conservatorship, possession, and the parent's rights and duties are **REVERSED AND REMANDED** for further proceedings.

It is **ORDERED** that appellant TAMICA LATOYA FITZGERALD recover her costs of this appeal from appellee YERVY AGUILA.
.


Judgment entered November 14, 2022.