**Neill S. McLEOD, II, Appellant,**

v.

**Mildred Theresa McLEOD, Appellee.**

No. 05–87–01003–CV.

Court of Appeals of Texas, Dallas.

May 26, 1988.

Tom Wilson, Dallas, for appellant.

Diane L. Snyder, Dallas, for appellee.

Before WHITHAM, STEWART and LaGARDE, JJ.

WHITHAM, Justice.

In this child support dispute, the appellant-father, Neill S. McLeod, II, appeals from a judgment nunc pro tunc in favor of the appellee-mother, Mildred Theresa McLeod. In his second point of error, the father contends that, as a matter of law, the error which the judgment nunc pro tunc purported to correct was a judicial error rather than a clerical error. We agree. Accordingly, we reverse the trial court's judgment nunc pro tunc and reinstate the trial court's original judgment, as modified and affirmed by this court in *McLeod v. McLeod*, 723 S.W.2d 777 (Tex. App.—Dallas 1987, no writ)(*McLeod I*).

This appeal is a sequel to our prior opinion in *McLeod I* issued January 5, 1987. In the interests of brevity and judicial economy, we invite the reader to study that opinion before proceeding further. No motion for rehearing was filed in *McLeod I*. Our mandate to the trial court in *McLeod I* issued March 16, 1987, and provided as follows:

In accordance with this court's opinion of this date, the judgment of the trial court is modified by deleting from page seven of the trial court's decree of November 15, 1985, entitled "Order Modifying Prior Order," the following paragraph:

IT IS FURTHER ORDERED that NEILL SMITH MCLEOD, II pay to MILDRED THERESA MCLEOD as child support arrearages, the sum of $540.00 per month with the first such payment being due and payable on February 15, 1985, and a like payment being due and payable on the 15th day of each month thereafter until the last payment shall become due and payable on May 15, 1987.

As modified, the judgment of the trial court is affirmed. It is ordered that appellant, Neill S. McLeod, II, recover his costs of this appeal from appellee, Mildred Theresa McLeod.

Following issuance of our opinion in *McLeod I*, the mother filed a motion for judgment nunc pro tunc in the trial court on February 27, 1987, in these words:

The judgment in the above-entitled cause as entered by the clerk in the minutes of this Court does not faithfully correspond to the judgment of the Court rendered in this cause on October 16, 1985, in that the honorable Judge Merrill Hartman, in the rendering of his judgment ordered the payment of *retroactive* child support for the child ALICIA SMITH McLEOD, and the judgment as entered by the clerk in the minutes of this Court ordered the payment of *arrearages* in child support.

(emphasis added). In her motion for judgment nunc pro tunc, the mother, in effect, prayed that the deleted language from page seven of the trial court's decree of November 15, 1985, as later provided by our mandate in *McLeod I*, be amended to read as follows:

IT IS FURTHER ORDERED that NEILL SMITH McLEOD, II pay to MILDRED THERESA McLEOD as *retroactive* child support, the sum of $540.00 per month with the first such payment being due and payable on February 15, 1986, and a like payment being due and payable on the 15th day of each month thereafter until the last payment shall become due and payable on May 15, 1987.

(emphasis added).

The trial court granted the mother's motion for judgment nunc pro tunc and on July 16, 1987, entered judgment nunc pro tunc adding the above language sought by the mother to be contained within the November 15, 1985 decree. Therefore, although in *McLeod I* we were "compelled to treat the order [of November 15, 1985] as one for the payment of *arrearages* and not as a *retroactive* increase in child support," *McLeod*, 723 S.W.2d at 779 (emphasis added), the trial court's order of November 15, 1985, by nunc pro tunc has become an order for "retroactive increase in child support." At an April 17, 1987 hearing, the trial court explained:

Well, the Court of Appeals interpreted what I said differently from what I meant, and they would have been delighted, I suppose, if I had used the word "retroactive," instead I used the word "arrearage" but what I meant was retro-

active as they are now defining the terms. So, I'm just going to grant the Motion so that the Order will reflect what I intended, because the Court of Appeals has understood it to reflect something I did not intend.

Nothing was admitted into evidence at the April 17th hearing and there was no testimony of any description. The hearing consisted only of colloquy between the attorneys and the trial court recorded in a six page Statement of Facts, including the above-quoted statement from the trial court. At this hearing, the court granted the mother's motion for judgment nunc pro tunc, and the written judgment nunc pro tunc of July 16, 1987, followed.

■ A court has the inherent power to correct a judgment by entry nunc pro tunc so as to properly recite the effect of the court's judgment. *Knox v. Long,* 152 Tex. 291, 257 S.W.2d 289, 291 (1953). However, it is well settled that a judicial error cannot be corrected by a judgment nunc pro tunc. *Mathes v. Kelton,* 569 S.W.2d 876, 877 (Tex.1978). One example of the correction of a judicial error is where the trial court determines that the terms of the judgment as rendered should be changed. *Mathes,* 569 S.W.2d at 877. Thus, we must consider the terms of the November 15, 1985 order as rendered and whether the trial court changed the terms of that order. Therefore, we turn to a discussion of the background of the November 15, 1985 order.

At a hearing held on October 16, 1985, resulting in the November 15, 1985 order, the trial court pronounced as follows:

I'm going to order that the father pay child support in the amount of seven hundred and twenty dollars a month until February 15, 1985 [sic], at which time his child support will become a hundred and eighty dollars a month, but at that time *I'm going to order that he pay five hundred and forty dollars a month on arrearages for sixteen months.* At that time child support—the arrearages will be paid in full for the back sixteen months and the child support will be two hundred dollars a month until Neill becomes eighteen or graduates, whichever

is later—graduates from high school, whichever is later. Then, the child support will be six hundred dollars a month until Molly becomes eighteen or graduates, whichever is later....

(emphasis added). Thus, the trial court spoke, pronounced and ordered the father to pay *arrearages.* Further, the trial court's docket sheet contains this entry on October 16, 1985:

H to pay child support in the amt. of $720/mo until 2–15–85 [sic] at which time ch. supp. becomes 180 mo. regular + *$540/mo. on arrearages* for 16 months; then 200/mo. ...."

(emphasis added). Hence, the trial court's docket sheet identifies the disputed child support as *arrearages.* Finally, as indicated above, the trial court entered written judgment in this language on November 15, 1985:

IT IS FURTHER ORDERED that NEILL SMITH McLEOD, II pay to MILDRED THERESA McLEOD as child support *arrearages,* the sum of $540.00 per month with the first such payment being due and payable on February 15, 1985 [sic], and a like payment being due and payable on the 15th day of each month thereafter until the last payment shall become due and payable on May 15, 1987.

(emphasis added). (We understand the parties agree that the date "February 15, 1985," is a typographical error and should read "February 15, 198*6.*")

The judgment of a court is what the court pronounces. The court's rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. Entry of judgment is a ministerial act by which an enduring evidence of the judicial act is afforded. *Knox,* 257 S.W.2d at 291. In the present case, the trial court pronounced an order that the father pay child support *arrearages.* In the present case, by rendition, the trial court settled and declared the law upon the matter at issue to be that the father pay child support *arrearages.* In the present case, the trial court provided enduring evidence that it had settled and declared the

law upon the matter at issue to be that the father pay child support *arrearages*. In *McLeod I*, we held that the pleadings and evidence do not support an order for the payment of *arrearages*. *See McLeod*, 723 S.W.2d at 779–80 (emphasis added). Hence, our deletion from the November 15, 1985 order. Consequently, in the present case, we conclude that changing the November 15, 1985 order from one ordering payment of child support *arrearages* to one ordering the payment of *retroactive* child support materially altered the substance of the November 15, 1985 order. In light of our opinion in *McLeod I*, we conclude further that the change constituted the correction of a judicial error which cannot be validly accomplished by a judgment nunc pro tunc. *Mathes*, 569 S.W.2d at 878. A judicial error is an error which occurs in the *rendering* as opposed to the *entering* of a judgment. *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex.1986). Thus, even if the court renders incorrectly, it cannot alter a written judgment which precisely reflects the incorrect rendition. *Escobar*, 711 S.W.2d at 232. Therefore, in the present case, we conclude that, as a matter of law, the error which the judgment nunc pro tunc purported to correct was a judicial error which the trial court could not validly accomplish by a judgment nunc pro tunc. We sustain the father's second point of error.

■ Next we consider what relief we should afford the father. We conclude that we should restore the parties to the position each occupied upon issuance of our mandate in *McLeod I*. Consequently, we reverse the trial court's judgment nunc pro tunc dated July 16, 1987, and we render judgment reinstating the trial court's order dated November 15, 1985, as modified and affirmed by this court in *McLeod I*.