

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00199-CV

U.S. CAPITAL INVESTMENTS, LLC, AND MASSOOD DANESH PAJOOH

APPELLANTS

V.

SHAWN SHAHBAZI, SHELL ON WESTERN, INC., AND ROYAL WEST INVESTMENT LLC, SERIES E

APPELLEES[1]

----------

### FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 096-244268-10

----------

## MEMORANDUM OPINION[2]

----------

---

[1]Shawn Shahbazi and Shell on Western, Inc. were defendants and counter-claimants in the trial court along with Royal West Investment LLC, Series E and were parties to the trial court's original judgment. The parties' briefs do not list Shahbazi and Shell on Western, Inc. as parties to this appeal. *See* Tex. R. App. P. 38.1(a) (requiring an appellant's brief to include a complete list of the parties to the appeal). Because they were parties to the original judgment and to the judgment nunc pro tunc that is at issue, we include them in our style.

[2]*See* Tex. R. App. P. 47.4.

In this appeal from a judgment nunc pro tunc, the central question is whether the trial court's original judgment awarded appellee Royal West Investment LLC, Series E damages of $352,380 from appellants U.S. Capital Investments, LLC and Massood Danesh Pajooh. We hold that it did. We therefore conclude that the trial court did not err by signing its judgment nunc pro tunc to the extent that the judgment nunc pro tunc likewise requires appellants to pay Royal West damages of $352,380. We also hold, however, that the judgment nunc pro tunc is erroneous to the extent that it awards those damages to appellee Shell on Western, Inc. when the original judgment did not and when the jury did not. We therefore affirm the judgment nunc pro tunc in part and reverse it in part.

**Background**

The underlying lawsuit arose from disputes about a sale of appellees' business assets to appellants. Appellants contended that in the course of appellees' sale of assets related to a gas station, convenience store, and restaurant, appellees had, among other acts, committed fraud, made negligent misrepresentations, and breached contractual obligations. Appellees counterclaimed and alleged that appellants had breached contractual obligations and had committed theft and fraud.

The parties tried their claims to a jury. The jury found, among other determinations, that U.S. Capital had failed to comply with a lease with Royal West, that Pajooh had failed to perform guaranty obligations under the lease, that

2

Royal West had incurred damages of $352,380 from U.S. Capital's breach of the lease, and that Royal West and Shell on Western, Inc. had reasonably incurred $165,000 of attorney's fees in the trial court. In July 2012, the trial court signed a final judgment that contained the following provisions:

> 1. On April 30, 2012, the above case came on to be heard . . . .
>
> . . . .
>
> 5. On May 8, 2012, the jury returned its verdict and answered the jury questions substantially as follows:
>
> . . . .
>
> c. U.S. Capital Investments, LLC failed to comply with the Lease between . . . U.S. Capital Investments, LLC as Tenant and Royal West Investment LLC, Series E as Landlord.
>
> d. Damages to Royal West Investment LLC, Series E for breach of the Lease contract [were] $352,380.00.
>
> . . . .
>
> g. Masood Danesh Pajooh failed to comply with his lease guarantor obligations to Royal West Investment LLC, Series E.
>
> . . . .
>
> . . . .
>
> 7. The Court finds that the jury verdict, facts and law support judgment for Defendants as follows:
>
> a. Plaintiff US Capital Investments, LLC shall take nothing against Defendant Shawn Shahbazi.

b. Plaintiff US Capital Investments, LLC shall take nothing against Defendant Shell on Western, Inc.

c. Plaintiff US Capital Investments, LLC shall take nothing against Defendant Royal West Investment LLC, Series E.

d. Defendant Shawn Shahbazi, individually, sought no affirmative relief against Plaintiff, U.S. Capital Investments, LLC.

e. Shell on Western, Inc. shall take nothing against . . . U.S. Capital Investments, LLC and Masood Danesh Pajooh.

f. Royal West Investment, LLC, Series E shall have judgment against U.S. Capital Investments, LLC and Masood Danesh Pajooh jointly and severally in the amount of $352,380.00 plus pre-judgment interest according to law accruing up to the date of this Judgment.

g. In addition to the above, Royal West Investment LLC, Series E, shall recover the amount of $165,000.00 as reasonable attorney's fees as follows:

> (1) In the Trial Court as part of this Judgment - $165,000.00;
>
> . . . .

. . . .

8. Accordingly, it is ORDERED, ADJUDGED, and DECREED that Defendants, Shell on Western, Inc. and Royal West Investments LLC, Series E, jointly and severally have and recover of and from the Plaintiff, U.S. Capital Investments, LLC and the third party Defendant Masood Danesh Pajooh the additional amount of ~~$205,000.00~~ 165,000.00[3] as attorney's fees. . . .

---

[3]The trial court crossed through "$205,000.00" and wrote in "$165,000.00" in this part of the judgment.

9. Prejudgment interest at the statutory annual rate of 5% (0.05) is awarded to Royal West Investment LLC, Series E, calculated from February 16, 2011 (the date of filing of the third party claim) to the date this Judgment is signed, on a principal of $352,380.00 or $48.27 per day.

10. Post Judgment interest shall accrue at the present applicable statutory rate of 5% (0.05) annually, calculated on the full amount of this Judgment, which is $517,380.00 plus prejudgment interest, modified as applicable by law on future accruals.

. . . .

12. It is FURTHER ORDERED, ADJUDGED, and DECREED that Plaintiff, U.S. Capital Investments, LLC take nothing in its claims against any and all Defendants.

13. It is FURTHER ORDERED, ADJUDGED, and DECREED that Masood Dan[e]sh Pajooh take nothing in his claims against any and all Defendants.

. . . .

15. All relief not granted is expressly denied. This is intended to be a final and appealable judgment.

After appellants unsuccessfully sought a new trial, they appealed the judgment, and we affirmed it.[4]

---

[4]*See U.S. Capital Invs. v. Shahbazi*, No. 02-12-00417-CV, 2014 WL 1713464, at *11 (Tex. App.—Fort Worth May 1, 2014, no pet.) (mem. op.). In our opinion, we recognized that the trial court had "signed a final judgment in favor of [Royal West Investment LLC, Series E] and against U.S. Capital and Pajooh jointly and severally in the amount of $352,380 plus attorneys' fees." *Id.* at *3. We held that the evidence was legally and factually sufficient to support those damages. *Id.* at *10–11; *see also Pajooh v. Royal W. Invs. LLC, Series E*, 518 S.W.3d 557, 560 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (recognizing, in an appeal from a grant of a turnover order, that the trial court's original judgment in this case awarded damages of $352,380).

We take judicial notice that in their briefing in our prior appeal, appellants acknowledged that the final judgment "specifie[d] damages owed to Royal West

5

In July 2016, Royal West filed a motion for judgment nunc pro tunc. In the motion, Royal West represented that in judgment-collection proceedings in a Harris County court, appellants had argued that the trial court had "rendered judgment only for attorney's fees, not the actual damages found by the jury." Specifically, according to a document that Royal West attached to its motion, appellants had argued that while the trial court's judgment had referred to $352,380 in damages, the judgment had not "order[ed] [the damages] to be recovered or paid. Accordingly, the amount to be collected . . . should be limited to $165,000 . . . ." Therefore, Royal West asked the trial court to sign a judgment nunc pro tunc that would confirm that appellants owed the damages.

In appellants' response, they argued that as "evidenced by a plain reading of the Final Judgment, the only amount[] 'ORDERED, ADJUDGED and DECREED' to be recovered . . . is $165,000 in attorney's fees, plus interest and court costs." Appellants characterized the omission of a damages award through formal decretal language within the original judgment as a judicial error and contended that the trial court had no authority to sign a new judgment that awarded damages that the original judgment did not.

_____

. . . by U.S. Capital [and] . . . by Pajooh." *See Humphries v. Humphries*, 349 S.W.3d 817, 820 n.1 (Tex. App.—Tyler 2011, pet. denied) (acknowledging that an appellate court may take judicial notice of its own records in a same or related proceeding involving the same or similar parties). Appellants also stated that the trial court's judgment had made them "liable for the excessive damages relating to the lease, plus attorney's fees." Finally, appellants argued that the trial court had "Erred by Rendering a Judgment Awarding Certain Damages to Royal West."

6

The trial court initially denied Royal West's motion for judgment nunc pro tunc. Royal West filed a second motion for judgment nunc pro tunc. Appellants again responded to the motion and argued that the trial court did not have jurisdiction to grant Royal West's requested relief. After holding a hearing for argument,[5] the trial court granted the motion. The court signed a judgment nunc pro tunc that used verbatim language from the original judgment in most provisions and made changes to the following provisions:[6]

> 7. The Court finds that the jury verdict, facts and law support judgment for Defendants as follows:
>
> . . . .
>
> g. *IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT,* in addition to the above, Royal West Investment LLC, Series E, shall *have and* recover *judgment against U.S. Capital Investments, LLC and Masood Danesh Pajooh, jointly and severally,*

---

[5]At the hearing on the second motion for judgment nunc pro tunc, the trial judge stated,

I don't think there's any question in anybody's mind that at the time that judgment was signed, it was rendering judgment for the . . . amount of the damages and attorney's fees. . . . That's certainly what I thought it was doing. . . .

. . . .

. . . I would have never thought to look at that judgment and come up with an argument . . . that it didn't render judgment for the entire amount. And I think . . . that's clearly what it was intended to do.

[6]We will indicate the nunc pro tunc judgment's new language through italics and the original judgment's deleted language through strikethroughs. Words appearing in ordinary text appear in the original judgment as well as the judgment nunc pro tunc.

7

the amount of $165,000.00 as reasonable *trial* attorney's fees as follows:

>> (1) In the Trial Court as part of this Judgment - $165,000.00;

>> . . . .

. . . .

*Accordingly, it is ORDERED, ADJUDGED, and DECREED that:*

*1. Defendants, Shell on Western, Inc. and Royal West Investments, LLC, Series E, jointly and severally have and recover of and from the Plaintiff, U.S. Capital Investments, LLC and the third party Defendant Masood Danesh Pajooh $352,380.00.*

~~8.~~ *2.* ~~Accordingly, it is ORDERED, ADJUDGED, and DECREED that~~ Defendants, Shell on Western, Inc. and Royal West Investments LLC, Series E, jointly and severally have and recover of and from the Plaintiff, U.S. Capital Investments, LLC and the third party Defendant Masood Danesh Pajooh the additional amount of $165,000.00 as *trial* attorney's fees.

~~9.~~ *3.* Prejudgment interest at the statutory annual rate of 5% (0.05) is awarded to Royal West Investment LLC, Series E, calculated from February 16, 2011 (the date of filing of the third party claim) to the date this Judgment is signed, on a principal of $352,380.00 or $48.27 per day.

~~10.~~ *4.* Post Judgment interest shall accrue at the present applicable statutory rate of 5% (0.05) annually, calculated on the full amount of this Judgment, which is $517,380.00 plus prejudgment interest, modified as applicable by law on future accruals.

. . . .

~~12.~~ *6.* ~~It is FURTHER ORDERED, ADJUDGED and DECREED that~~ Plaintiff, U.S. Capital Investments, LLC *shall* take nothing in its claims against any and all Defendants.

. . . .

8

13. *7.* ~~It is FURTHER ORDERED, ADJUDGED, and DECREED that~~ Masood Dan[e]sh Pajooh take nothing in his claims against any and all Defendants.

14. *8.* All costs in this matter shall be taxed to U.S. Capital Investments, LLC and Masood Danesh Pajooh jointly and severally.

15. *9.* All relief not granted is expressly denied. This is intended to be a final and appealable judgment.

*This is a Nunc Pro Tunc Judgment intended to correct a clerical error alleged to have occurred by failing to have the Final Judgment reflect sufficient decretal language to award judgment as herein stated against Masood Danesh Pajooh and U.S. Capital Investments, LLC jointly and severally for the total sum of $517,380.00, but not including any accruing post-judgment interest. . . .*

Appellants brought this appeal.

## The Propriety of the Judgment Nunc Pro Tunc

In one issue, appellants argue that the trial court erred by signing the judgment nunc pro tunc.[7] They contend that the original final judgment authorized Royal West to recover only $165,000 of attorney's fees plus court costs and interest, not damages of $352,380. They assert, "While the [original judgment] state[d] that the jury found other damages, [it] did not order them to be recovered or paid." They further argue that the alleged omission of the damages award in the decretal portion of the original judgment was a judicial error (caused by Royal West's counsel's drafting mistake) that could not be remedied by a

---

[7]Appellants also make statements in briefing that appear to challenge the legal and factual bases of the original judgment. To the extent that appellants attempt to collaterally attack the original judgment, we reject that challenge. *See Restrepo v. All. Riggers & Constructors*, No. 08-16-00032-CV, 2017 WL 4216267, at *1 (Tex. App.—El Paso Sept. 22, 2017, no pet.).

judgment nunc pro tunc. Royal West contends, however, that the original judgment "clearly renders and enters a judgment" for the damages.

Texas Rule of Civil Procedure 316 permits trial courts to amend judgments so that they reflect "the truth or justice of the case." Tex. R. Civ. P. 316; *see also* Tex. R. Civ. P. 329b(f) (explaining that at any time, a trial court may render a judgment nunc pro tunc under rule 316); *Wittau v. Storie*, 145 S.W.3d 732, 735 (Tex. App.—Fort Worth 2004, no pet.) (explaining that a trial court may sign a nunc pro tunc judgment after the trial court's plenary power over the original judgment has expired). A judgment nunc pro tunc under rule 316 may clarify an original judgment or correct a clerical error, but a judgment nunc pro tunc may not substantively alter an original judgment to correct a judicial error. *Molina v. Molina*, 531 S.W.3d 211, 216 (Tex. App.—San Antonio 2017, no pet.) (explaining that a "judicial error arises from a mistake of law or fact and requires judicial reasoning or determination to correct"); *Trident Steel Corp. v. Wiser Oil Co.*, 223 S.W.3d 520, 530 (Tex. App.—Amarillo 2006, pet. denied) ("The judgment nunc pro tunc did not alter the original judgment, but clarified it."); *see also Bright v. Spurlock*, No. 09-08-00384-CV, 2004 WL 5758342, at *2 (Tex. App.—Beaumont Oct. 22, 2009, no pet.) (mem. op.) (recognizing that a judgment nunc pro tunc may clarify a former judgment); *Scott v. Lowe*, No. 05-94-00678-CV, 1995 WL 379319, at *4 (Tex. App.—Dallas May 30, 1995, no writ) (not designated for publication) (same). A trial court may sign a judgment nunc pro tunc to "properly

10

recite the effect of the court's [original] judgment." *McLeod v. McLeod*, 752 S.W.2d 676, 678 (Tex. App.—Dallas 1988, no writ).

The central arguments in appellants' brief depend upon one premise: the original judgment did not require them to pay Royal West damages of $352,380, and the judgment nunc pro tunc made a substantive change and corrected a judicial error by requiring the payment of those damages. Specifically, appellants contend that the "trial court's changing the decretal portion of the [judgment nunc pro tunc] . . . to include actual damages that were not included in the decretal portion of the [original judgment] is void because such an error constituted a judicial error under Texas law." We hold that appellants' premise is incorrect and that we must therefore reject all of their arguments that flow from it.

We construe judgments like other written instruments. *See In re G.G.*, No. 02-16-00251-CV, 2017 WL 2807399, at *2 (Tex. App.—Fort Worth June 29, 2017, no pet.) (mem. op.) (citing *Payless Cashways, Inc. v. Hill*, 139 S.W.3d 793, 795 (Tex. App.—Dallas 2004, no pet.)). Thus, we consider the language of the judgment as a whole. *See Steger v. Muenster Drilling Co.*, 134 S.W.3d 359, 372 (Tex. App.—Fort Worth 2003, pet. denied) (reciting the principles for construing a will); *see also Point Lookout W., Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987) ("The entire content of the written instrument and the record should be considered."). We give terms their plain and ordinary meanings. *See Steger*, 134 S.W.3d at 372. We harmonize all parts of the judgment and presume that nothing within the judgment is meaningless or superfluous. *See id.*; *see also*

11

*Davis v. McCray Refrigerator Sales Corp.*, 150 S.W.2d 377, 378 (Tex. 1941) (recognizing that a judgment's disposition of a particular issue "may be inferred from other provisions thereof").

The trial court's original judgment stated that in May 2012, the jury had returned a verdict in favor of Royal West for damages of $352,380. The judgment then stated that the "facts and law" supported judgment for Royal West (and against appellants) "in the amount of $352,380.00 plus pre-judgment interest according to law" and that Royal West "shall have" such a judgment. The judgment then decreed that Royal West should recover the "*additional amount* of $165,000 as attorney's fees." [Emphasis added.] Later, the judgment awarded Royal West prejudgment interest and recognized that the interest applied "on a principal of $352,380."[8] In the next provision, the judgment awarded postjudgment interest at a rate of 5% and applied that percentage to the "*full amount of this Judgment, which is $517,380* [the damages of $352,380 plus attorney's fees of $165,000] plus prejudgment interest." [Emphasis added.]

---

[8]Appellants' arguments appear to rest on an assumption that because the words "ORDERED, ADJUDGED, and DECREED" were not connected to the damages award in the original judgment, the trial court did not effectively award the damages. We reject this contention. *See Wilde v. Murchie*, 949 S.W.2d 331, 333 (Tex. 1997) (explaining that courts should "not give conclusive effect to the judgment's use or omission of commonly employed decretal words, but should instead determine what the trial court adjudicated from a fair reading of all the judgment's provisions"); *see also Redwine v. Peckinpaugh*, No. 12-16-00123-CV, 2017 WL 4161607, at *2 (Tex. App.—Tyler Sept. 20, 2017, no pet.) (explaining that "no particular phraseology is required" in the decretal portion of a judgment).

Considering these provisions together and giving effect to each of them—*see Steger*, 134 S.W.3d at 372—the trial court's intent in the original judgment could not be clearer:  the court awarded Royal West $352,380 in damages and $165,000 in attorney's fees.  The judgment nunc pro tunc properly "recite[d] the effect" of the original judgment by simply adding formal decretal language to the $352,380 damages award.  *See McLeod*, 752 S.W.2d at 678.

Thus, we reject appellants' foundational argument that the judgment nunc pro tunc substantively changed the original judgment and corrected a judicial error.  We therefore likewise reject appellants' related contention that the judgment nunc pro tunc was void because the trial court signed it after plenary power expired.  We hold that the judgment nunc pro tunc is not erroneous to the extent that it awards Royal West damages of $352,380.

Appellants also argue, albeit in the statement of facts portion of their opening brief, that the judgment nunc pro tunc is erroneous because it awards damages to Shell on Western, Inc.  We agree.  The jury did not award any damages to Shell on Western, Inc.; in fact, the jury expressly awarded Shell on Western, Inc. no damages.  In its answer to question number four in the jury charge, the jury awarded $352,380 to only Royal West.  Accordingly, the trial court's original judgment stated, (1) "Royal West Investment, LLC, Series E shall have judgment against U.S. Capital Investments, LLC and Masood Danesh Pajooh jointly and severally in the amount of $352,380.00 plus pre-judgment interest according to law accruing up to the date of this Judgment"; and (2) "Shell

13

on Western, Inc. shall take nothing [on] its claims against U.S. Capital Investments, LLC and Masood Danesh Pajooh." The judgment nunc pro tunc contains the same language, but later, the judgment awards "Shell on Western, Inc. and [Royal West], jointly and severally[,] . . . $352,380.00." Appellees have not directed us to any justification for this substantive modification to the original judgment, and we have found none. Under the principles recited above, we hold that the judgment nunc pro tunc is erroneous to the extent that it awards Shell on Western, Inc. $352,380. *See* Tex. R. Civ. P. 316; *Molina*, 531 S.W.3d at 216.

For the reasons stated above, we overrule appellants' sole issue in part and sustain it in part.

## Conclusion

Having sustained appellants' issue in part, we reverse the trial court's judgment nunc pro tunc to the extent that the trial court awarded damages of $352,380 to Shell on Western, Inc. We render a judgment awarding no damages to Shell on Western, Inc. Having overruled the remainder of appellants' issue, we affirm all other parts of the trial court's judgment nunc pro tunc.


/s/ Wade Birdwell
WADE BIRDWELL
JUSTICE


PANEL: GABRIEL, PITTMAN, and BIRDWELL, JJ.

DELIVERED: February 8, 2018

14